ADELE BALDWIN et al., as Administrators of the Estate of ELIZABETH B. RICE, Deceased, Appellants and Respondents, v. WILLIAM M. RICE, JR., et al., as Executors of WILLIAM M. RICE, Deceased, Respondents and Appellants.

1. SURROGATE'S COURT — FOREIGN WILL — ANCILLARY LETTERS — CODE CIV. PRO. § 2695. A surrogate has no jurisdiction to issue ancillary letters of administration upon a will admitted to probate in a foreign state, unless the petition is accompanied by a copy of the will and a copy of the foreign letters if any were issued. (Code Civ. Pro. § 2695.)

2. SAME — CODE CIV. PRO. § 2697. Where letters testamentary have been issued in the foreign state to the executor named in the will the surrogate has no jurisdiction to issue to another person ancillary letters unless he files with his petition an instrument executed by the executor authorizing the petitioner to receive them. (Code Civ. Pro. § 2697.)

3. RIGHT OF ANCILLARY ADMINISTRATOR TO MAINTAIN ACTION. The appointment of a petitioner who has failed to observe these requirements, as ancillary administrator of a foreign will, is void and gives him no standing to maintain an action in the courts of this state.

Baldwin v. Rice, 100 App. Div. 241, affirmed.

(Argued October 9, 1905; decided November 21, 1905.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 3, 1905, modifying and affirming as modified a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term by striking therefrom the words "on the merits." The defendants appeal from the modification, and to this extent only there are cross-appeals.

This action was brought by the plaintiffs claiming, by appointment of the surrogate of the county of New York, to be administrators with the will annexed of Elizabeth B. Rice, against the executors of her deceased husband. The plaintiffs claim that at the time of the marriage of Mr. and Mrs. Rice they were residents of Texas; that by virtue of the "Community Law" of that state, which, according to the plaintiffs' construction, undertook in effect to constitute the husband and wife partners with respect to property acquired by either during marriage; that by her will the wife bequeathed, among others, certain legacies aggregating $235,000; that the husband who survived the wife had, at the time of her death and at the time of his death, community property of the value of six million dollars and upwards, which was then in the custody of the Surrogate's Court of New York county pending the settlement and distribution of the estate; and that all legatees of the wife, except those claiming the legacies of $235,000.00, had settled their claims against the husband's estate. The complaint prays judgment for the said sum of $235,000.00, with interest.

The material facts are as follows: Mr. and Mrs. Rice were married at Houston, in the state of Texas, in June, 1867. Mrs. Rice died in Wisconsin in July, 1896. Mr. Rice died in the city of New York September 23rd, 1900. Mrs. Rice left a last will and testament in which she made bequests aggregating about $1,945,000. She named Oran T. Holt of Houston, Texas, as her executor. This will was admitted to probate in Texas in March, 1897, and letters testamentary issued to the executor named therein. Oran T. Holt, as execu-

tor, began a suit against William M. Rice, the husband, in which he sought to recover the wife's share of the community property. William M. Rice began suit against Holt, as executor of Elizabeth B. Rice, in which he sought to have it adjudged that the claims of Holt as such executor to a community interest in the property constituted a cloud upon his title and were wholly without foundation and void. Each of these suits was pending and undetermined at the time William M. Rice died in the city of New York on September 23rd, 1900. Testimony had been taken in both of these suits, but neither had been tried at the time of Rice's death.

William M. Rice left a last will and testament, which, after prolonged litigation, was admitted to probate and the defendants received letters testamentary thereunder in the Surrogate's Court of the county of New York. Horace B. Rice received permanent letters of administration from the County Court of Harris county, Texas, as administrator of William M. Rice, in the state of Texas. In February, 1902, Holt, as executor of Elizabeth B. Rice, and Horace B. Rice, as the Texas executor of William M. Rice, entered into an agreement of settlement and compromise. The details of this agreement are not important on this appeal, except to say that all the persons in interest were settled with save the seven legatees whom the plaintiffs claim to represent.

*John Brooks Leavitt, Jared F. Harrison* and *Arthur B. Turnure* for plaintiffs, appellants and respondents. The trial court erred in holding that the plaintiffs had no legal capacity to sue, and the Appellate Division was wrong in sustaining that ruling and affirming the judgment of dismissal on that ground. (*Montgomery* v. *Boyd,* 78 App. Div. 64; *Isham* v. *Gibbons,* 1 Bradf. 67; *Campbell* v. *Logan,* 2 Bradf. 93; *Matter of Delaplaine,* 1 Dem. 348; 45 Hun, 225; *Russell* v. *Hart,* 87 N. Y. 19; *Sullivan* v. *Fosdick,* 10 Hun, 173; Code Civ. Pro. §§ 4, 2476; *Hendrickson* v. *Ladd,* 2 Dem. 402; *Schneider* v. *McFarland,* 2 N. Y. 459; *Hollenbeck* v. *Donnell,* 94 N. Y. 342.)

*James Byrne* and *Charles A. Boston* for defendants, respondents and appellants. The plaintiffs were without legal capacity to sue, and the trial court and Appellate Division did not err in so deciding. (Code Civ. Pro. § 2695; *Matter of Cameron,* 47 App. Div. 120; *Matter of Law,* 80 App. Div. 73; 175 N. Y. 471; *Taylor* v. *Syme,* 162 N. Y. 519.)

BARTLETT, J. After proceedings in the Surrogate's Court of the county of New York, the validity and effect of which are involved in this action, letters of administration with the will annexed were issued to the present plaintiffs by the Surrogate's Court of New York county on January 30th, 1903. This action was begun February 3rd, 1903. Thereafter, and pursuant to the provisions of the compromise agreement, the case of *Rice* v. *Holt* in the Circuit Court of the United States for the Southern District of Texas and hereinbefore referred to, proceeded to judgment adverse to Holt.

The defendants interposed two separate defenses, to wit, that the Surrogate's Court of New York county had no jurisdiction to issue the letters of administration under which the plaintiffs claim to act; that the decree in the action of *Rice* v. *Holt* in the Circuit Court of the United States for the Southern District of Texas is a bar to this action.

The case was tried before Mr. Justice SCOTT at Special Term; after the record of plaintiffs' appointment and the record of the Texas judgment in *Rice* v. *Holt* had been admitted in evidence, the court interrupted the progress of the trial, suspended the taking of further evidence and expressed a desire to hear argument on the two questions raised by the defendants. Arguments and briefs were submitted, and after due consideration the court decided that the plaintiffs were without legal capacity to sue, and that the said Texas decree, in *Rice* v. *Holt,* was an "impregnable bar" to this action. The complaint was thereupon dismissed on the merits. On appeal, the Appellate Division handed down a memorandum, as follows: "The judgment should be

affirmed on so much of the opinion of the court below as holds that the plaintiffs have no standing in court to maintain this action, but the judgment should not have been on the merits. Judgment modified by striking out ' on the merits,' and as so modified affirmed, with costs."

We agree with the learned Appellate Division that the plaintiffs have no standing in court, no legal capacity to sue and, therefore, it is unnecessary to pass upon the question whether the decree in the Texas suit is a bar.

The question whether the plaintiffs, standing on the letters of administration issued to them by the Surrogate's Court of New York county, can maintain this action was argued before us with great elaboration and detail, both orally and in the printed briefs. This question, as we view it, is a very simple one, and readily disposed of under the plain provisions of the Code of Civil Procedure applicable to Surrogates' Courts.

The Code of Civil Procedure provides for admitting domestic and foreign wills to probate in chapter 18, title 3, article 1st, embracing from sections 2611 to 2646, both inclusive, and the form of procedure is essentially the same in both cases. Section 2611 provides in part as follows: "A will of real or personal property, executed as prescribed by the laws of the State, or a will of personal property executed without the State, and within the United States, the Dominion of Canada, or the Kingdom of Great Britain and Ireland, as, prescribed by the laws of the state or country where it is or was executed, or a will of personal property, executed by a person not a resident of the State, according to the laws of the testator's residence, may be proved as prescribed in this article." Chapter 18, title 3, article 7, embracing from section 2694 to section 2704, both inclusive, provides for the issuing of ancillary letters testamentary or of administration where a will has been admitted to probate in a foreign jurisdiction.

An examination of the procedure in this latter proceeding renders it very clear that the letters of administration, under

which the plaintiffs claim to act, are ancillary letters, although not so denominated therein, and the question presented for determination is whether the statutory steps essential to obtaining the issuing of such letters have been taken.

The first defect in the proceedings pointed out by the counsel for the. defense is a failure to observe one of the provisions of section 2695, which section reads as follows : " Where a will of personal property made by a person who resided without the State at the time of the execution thereof, or at the time of his death, has been admitted to probate within the foreign country, or within the state, or the territory of the United States, where it was executed, or where the testator resided at the time of his death ; the Surrogate's Court, having jurisdiction of the estate, must, upon an application made as prescribed in this article, accompanied by a copy of the will, and of the *foreign letters*, if any have been issued, authenticated as prescribed in this article, record the will and the foreign letters, and issue thereupon ancillary letters testamentary, or ancillary letters of administration with the will annexed, as the case requires." It will be observed that this section provides that the application must be accompanied by a copy of the will and of the foreign letters. The petition was not accompanied by a copy of these letters.

The next and more serious defect in plaintiffs' proceedings, and the one relied upon by the courts below, is a failure to observe one of the provisions of section 2697, which provides to whom ancillary letters shall be granted. In brief and without reciting this entire section, it provides that where the executor named in the will has received letters testamentary in a foreign jurisdiction, letters ancillary must be issued to him here on his application, unless another person applying therefor shall file " with his petition, an instrument, executed by the foreign executor or administrator, or person otherwise entitled as aforesaid ; * * * and also acknowledged or proved, and certified, in like manner as a deed to be recorded in the county, authorizing the petitioner to receive such ancillary letters ; in which case, the surrogate must, if the petitioner

is a fit and competent person, issue such letters directed to him." The plaintiffs failed to produce this instrument of consent executed by the Texas executor in the manner above provided.

It is not claimed by the plaintiffs that any such instrument formed a part of their application papers in the proceedings resulting in the issuing of their letters, and it follows that their appointment by the Surrogate's Court as administrators with the will annexed is absolutely void. It is a statutory condition precedent that before any third party can procure ancillary letters of administration on the will of Mrs. Rice probated in Texas, the executor in that state should indicate in the manner specified his willingness to have ancillary letters issued to another. If the foreign executor refuses to execute this instrument and also declines or neglects to apply to the Surrogate's Court of New York county for ancillary letters in order to protect the estate in this jurisdiction, then other proceedings can be taken in the premises.

The object of this statutory provision is very clear; it is fair to assume in the first instance that the testatrix selected a thoroughly competent person, satisfactory to her, to carry out the provisions of the will, and that the Texas probate court on formal application for letters testamentary found him a proper person. It would be unseemly if the Surrogate's Court of New York county should proceed to appoint an administrator to carry out the provisions of the will of the testatrix other than a person she had selected, unless he renounced his privilege, or negligently refused or failed to act in the premises.

The learned counsel for the plaintiffs seeks to avoid the difficulty in which his clients find themselves by suggestions that are certainly ingenious, but have no legal foundation in view of the clear statutory scheme of the Code of Civil Procedure, to which we have briefly alluded. The proceedings to probate a will and those to obtain ancillary letters testamentary or of administration are, as we have said, entirely distinct, and an examination of the papers on which plaintiffs'

letters were issued shows that the sole object of the proceedings was to obtain an order from the Surrogate's Court of the county of New York that a copy of the will of Elizabeth B. Rice, together with the proofs of the decree adjudging probate thereof in Texas, be recorded in the Surrogate's Court of New York county, and that the proper steps be taken to obtain ancillary letters of administration with the will annexed.

The judgment of the Appellate Division modifying the judgment of the Special Term and affirming the same as so modified should be affirmed, with costs to the defendants.

CULLEN, Ch., GRAY, HAIGHT, VANN and WERNER, JJ., concur; O'BRIEN, J., absent.

Judgment affirmed.