In the Matter of the Application for the Probate of the Will of ELIZABETH CONNELL, Deceased.

ELIZABETH CRAIG, Appellant.

In the Matter of the Application to Set Aside a Decree Granting Ancillary Letters of Administration on the Will of ELIZABETH CONNELL, Deceased.

SADIE R. BARROWS, Appellant; FARMERS' LOAN AND TRUST COMPANY, as Ancillary Executor of ELIZABETH CONNELL, Deceased, Respondent.

Will — erroneous probate of will in this state upon theory that it had been admitted to probate in province of Quebec — invalidity of probate of such will because probate in province of Quebec failed to comply with requirements of Code of Civil Procedure and will was not properly authenticated.

Decedent died in the province of Quebec, leaving a paper purporting to be her will. On petition to the surrogate of New York county the paper was admitted to probate and ancillary letters issued thereon upon the theory that it had been admitted to probate in Quebec. Section 2695 of the Code of Civil Procedure as in force at that time, and sections 23 and 45 of the Decedent Estate Law (Cons. Laws, chap. 13) provided a complete scheme for establishing within the state wills duly probated in other countries. The surrogate, however, had no jurisdiction unless there was proof before him of the statutory requirements as to the probate in Quebec and unless the petition asking for the letters was accompanied by a copy of the will and the foreign letters, if any had been issued, authenticated as prescribed by the Decedent Estate Law. On examination of the record, it appears that there was a failure to comply with these provisions; that there was no probate of the will

in Quebec within the meaning of our Code, and that the will was not properly authenticated. Hence, the surrogate should entertain a petition by the next of kin in proper form asking probate, and also an application by one of the next of kin to revoke the ancillary letters on the ground of want of jurisdiction, even though such next of kin was not entitled to notice of the original application therefor.

*Matter of Connell*, 175 App. Div. 986, reversed.

(Argued June 6, 1917; decided July 11, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 29, 1916, which affirmed a decree of the New York County Surrogate's Court dismissing a petition for probate of the will of Elizabeth Connell, deceased, and also a petition to revoke a decree granting ancillary letters of administration upon her estate.

The facts, so far as material, are stated in the opinion.

*Willard S. Allen* for Elizabeth Craig, appellant. The Surrogates' Courts of this State have jurisdiction to admit to probate after the examination of witnesses the wills of non-residents upon taking original proof irrespective of whether or not such wills have been previously proved in the courts of the sovereignty where the testators lived, resided and were domiciled. (*Moultrie* v. *Hunt*, 23 N. Y. 394; *Dupuy* v. *Wurtz*, 53 N. Y. 556; *Matter of Gaines*, 84 Hun, 520, 523; *Matter of Seabra*, 18 Wkly. Dig. 429; *Boothe* v. *Timoney*, 3 Dem. 416; *Walton* v. *Hall*, 66 Vt. 455; *Wells* v. *Wells*, 35 Miss. 638; *Still* v. *Woodville*, 38 Miss. 647; *Beers* v. *Shannon*, 73 N. Y. 292; Story Confl. Laws [8th ed.], 543, note a; Rorer Interstate Law, 4.)

*Roger Foster* for Sadie R. Barrows, appellant. The decree granting letters ancillary should be set aside because of the defects in the authentication of the papers. (Code Civ. Pro. § 2695; *Bryden* v. *Taylor*, 2 Harr. &

John. 36, 399, 402; *Kirtland* v. *Wanzer,* 2 Duer, 278; *Las Caggas* v. *Larionda's Syndics,* 4 Mart. [La.] 283, 285, 286; 2 Cowen & Hill's Notes to Phil. on Ev. 260; *Baldwin* v. *Rice,* 183 N. Y. 55; *Talcott* v. *D. Ins. Co.,* 2 Wash. [C. C.] 499.) Even if the court held correctly that Mrs. Connell resided and was domiciled in Canada at the time of her death that would not prevent a motion by her next of kin to set aside the issue of the ancillary letters of administration upon the ground that there was no legal proof of the execution and probate of the will in Canada. (Code Civ. Pro. § 2514; *Matter of Regan,* 167 N. Y. 338; *Matter of Henderson,* 157 N. Y. 423; *Hyland* v. *Baxter,* 98 N. Y. 610; *Sipperly* v. *Baucus,* 24 N. Y. 46; *Heerman* v. *Hill,* 2 Hun, 409; *Matter of Flynn,* 136 N. Y. 287; *Matter of Harlow,* 73 Hun, 433; *Matter of Odell,* 1 Misc. Rep. 390; *Bailey* v. *Stewart,* 2 Redf. 212; *Bailey* v. *Hilton,* 14 Hun, 3; *Matter of Lyon,* 26 N. Y. Supp. 469.) The Surrogates' Courts of this state have jurisdiction to admit to probate, after the examination of witnesses, the wills of non-residents upon taking original proof irrespective of whether or not such wills have been previously proved in the courts of the sovereignty where the testators lived, resided and were domiciled. (L. 1909, ch. 18, § 23; *Moultrie* v. *Hunt,* 23 N. Y. 394; *Dupuy* v. *Wurtz,* 53 N. Y. 556; *Matter of Gaines,* 84 Hun, 520; *Matter of Seabra,* 18 Wkly. Dig. 429; *Boothe* v. *Timoney,* 3 Dem. 416; *Walton* v. *Hall,* 66 Vt. 455.)

*George S. Mittendorf* and *Frederick Geller* for respondent. The evidence clearly shows that Elizabeth Connell at the time of her death and at the time of the execution of said last will and testament was a resident of and domiciled in the province of Quebec, in the dominion of Canada. (*Matter of Wise,* 150 N.Y. Supp. 782; *Matter of Newcomb,* 192 N. Y. 238; *Hart* v. *Kip,* 148 N. Y. 306.) The papers upon which the ancillary letters were granted to the respondent were sufficient. (*Matter of Gennert,* 96 App. Div. 8.) The will is sufficiently proved

under the laws of Quebec to entitle respondent to letters. (*Matter of Taintor*, 5 Redf. 79; *Matter of Delaplaine*, 45 Hun, 225; *Matter of Horton*, 217 N. Y. 363.) The appellants not being creditors of the deceased are not entitled to attack the granting of the ancillary letters. (*Montgomery* v. *Boyd*, 78 App. Div. 64; *Baldwin* v. *Rice*, 100 App. Div. 24; 183 N. Y. 155; *Clark* v. *Poor*, 73 Hun, 143; *Matter of Law*, 56 App. Div. 454; *Matter of Gennert*, 96 App. Div. 8.)

ANDREWS, J. Elizabeth Connell died in the province of Quebec in 1910, leaving a paper said to be her last will and testament. She had some $13,000 in personal property, practically all of which was in New York city.

On November 2, 1910, upon the petition of the Farmers' Loan and Trust Company, a decree containing proper recitals was made by the surrogate of New York county, recording such will and issuing. ancillary letters to the petitioner. This was done upon the theory that the will had been admitted to probate in the foreign country where it was executed and where the testatrix resided at the time of her death.

On March 11th, 1911, Elizabeth Craig, one of the next of kin of the deceased, presented a petition to the surrogate of New York county asking that the will be probated there. This petition alleged that Mrs. Connell was at all times a resident of New York; that she had personal property in that city; that she left a will that had never been probated; it gave the names and addresses of the next of kin; and annexed to it was the will itself showing that the executor and legatees were included among them. It was, therefore, in proper form (Code, sec. 2614 — now sec. 2609) and Mrs. Craig was authorized to make the application. (Code of Civ. Proc., secs. 2514–2614; *Matter of Bradley*, 53 N. Y. S. R. 540.)

On May 29th, 1911, Mrs. Barrows, another of the next of kin, also presented a petition to the same surrogate

asking that the decree as to the ancillary letters be set aside. This petition made the same allegations as to the residence of Mrs. Connell and stated that the will was made under undue influence and that the decree was irregular in that the papers upon which it was based were not authenticated as required by section 45 of the Decedent Estate Law. (Cons. Laws, ch. 13.)

The answer of the Farmers' Loan and Trust Company to both petitions was practically the same. After some denials it alleges that Mrs. Connell was a resident of Quebec and that her will was duly proved in that province.

An order of reference was then made as to the question of residence. The referee reported that Mrs. Connell was a resident of Quebec and this report was approved by the surrogate. We are bound by this finding of fact.

Thereupon the surrogate made a decree that the ancillary letters issued to the Farmers' Loan and Trust Company were proper and valid, that it was entitled to receive the personal property of the deceased, and that both petitions should be dismissed, with costs.

Former section 23 of the Decedent Estate Law, which went into effect on February 17th, 1909, provided that a will of personal property executed by a non-resident according to the laws of the testator's residence may be admitted to probate in this state. But personal property of the decedent must be found here.

But we also understand that there was another limitation imposed upon the jurisdiction of the surrogate. Where such a will had been already probated in the foreign country it may not be proved in an independent proceeding here.

Section 2695 of the Code, as it was in force in 1910, provided that where a will of personal property made by a person who resided without the state at the time of its execution or his death, had been admitted to probate within the foreign country where it was executed or where the testator resided at the time of his death, the

Surrogate's Court having jurisdiction of the estate must, upon application accompanied by a copy of the will and of the foreign letters, if any have been issued, authenticated as prescribed by section 45 of the Decedent Estate Law, record the will and the foreign letters and issue ancillary letters testamentary with the will annexed.

This section of the Code provides a complete scheme for establishing within the state wills duly probated in other countries. New York has elected to give effect to such a decree, admitting a will of personal property to probate. (*Matter of Horton,* 217 N. Y. 363; *Baldwin* v. *Rice,* 100 App. Div. 241; affirmed, 183 N. Y. 55; *Clark* v. *Poor,* 73 Hun, 143; *Matter of Law,* 56 App. Div. 454.)

Reading these sections together, where a petition is presented by a person interested in the estate showing the death of a non-resident, the execution of the will and the presence of personal property within the surrogate's jurisdiction, it is the duty of the surrogate to admit such will, if properly executed, to probate in this state, unless it also appears that such will has been duly admitted to probate elsewhere. The burden of showing such fact is upon the party objecting to the probate.

In the case at bar the adjudication of the surrogate of New York county granting the ancillary letters is a decree *in rem* based upon the proposition that the will in question has been admitted to probate in Quebec; and if the surrogate had jurisdiction it is binding upon Mrs. Craig. But this question of jurisdiction may be raised collaterally. (*Taylor* v. *Syme,* 162 N. Y. 513–519.)

The surrogate had no jurisdiction to record the will and grant the ancillary letters unless there was proof before him that the will had been admitted to probate in Quebec and unless the petition asking for such letters was accompanied " by a copy of the will, and of the foreign letters, if any had been issued, authenticated as prescribed " in section 45 of the Decedent Estate Law. (*Baldwin* v. *Rice,* 183 N. Y. 55.)

The unanimous affirmance of the Appellate Division does not conclude us upon this question. What was done in Quebec appears upon the face of the papers presented to the surrogate, and whether it constituted a probate within the meaning of section 2695 of the Code or whether the will presented to him was properly authenticated are both questions of law which are before us for review. (*Matter of Green,* 153 N. Y. 223.)

We think that the will was not properly authenticated.

The requirements of the Decedent Estate Law are explicit and there was a failure to comply with them.

We are also of the opinion there was no probate of the will in Quebec within the meaning of our Code. The word " probate " as there used implies a judicial determination. " A probate is a judicial act of a court having competent jurisdiction." (*Stevens' Executors* v. *Smart,* 1 Car. L. R. 471.) It may be true that in some countries a notarial will needs no admission to probate. It proves itself. But the legislature, familiar with our jurisprudence, did not use the words " admitted to probate " in such a sense.

Mrs. Connell executed her will some time before her death before a notary and certain witnesses. It was then registered in a certain office. Upon proof of her death the will becomes effective in Quebec and the executor named thereof by filing his acceptance before a notary public becomes entitled to administer the estate of the deceased. The result is not unlike the record of a will devising real estate.

We are, therefore, of the opinion that the surrogate erred in dismissing the petition of Mrs. Craig for the probate of the will in New York county.

We also think he was in error in dismissing the petition of Mrs. Barrows for the revocation of the ancillary letters.

It is true that when ancillary letters are asked for in this state it is only necessary that the creditors of the

deceased should be made parties. The theory is that the decree in a foreign country being *in rem* it binds the next of kin of the deceased. The creditors are made parties so that their claims may be protected as against non-residents so far as property is here.

But where such letters have been granted without jurisdiction the next of kin are vitally interested. The decree for the ancillary letters, as we have seen, would be binding upon them as to the foreign probate and would deprive them of their right given them by statute to obtain probate in this state. Under these conditions it cannot be said that because they are not required to be made parties to the original proceeding they cannot be heard to question the jurisdiction of the surrogate to grant the decree.

The order appealed from should be reversed and the proceedings remitted to ·the surrogate of New York county for a rehearing, with one bill of costs to the appellants payable out of the estate.

COLLIN, CARDOZO and POUND, JJ., concur; CHASE, J., concurs in result; CRANE, J., dissents; McLAUGHLIN, J., not sitting.

Order reversed, etc.