In the Matter of the Application of ROSE RAGAN McCAFFREY to Set Aside a Decree Granting Ancillary Letters Testamentary on the Alleged Last Will and Testament of ELIZABETH CONNELL, Deceased.

THE FARMERS' LOAN AND TRUST COMPANY, Appellant; ROSE RAGAN McCAFFREY, Respondent.

First Department, July 3, 1919.

**Practice — setting aside order made by another judge on ground that judge making order was misled — executors and administrators — appointment of ancillary executor of foreign will — effect of pending application for probate of will or prior appointment of temporary administrator — when ancillary executor appointed as matter of right — setting aside appointment of ancillary executor — refusing executor reasonable time to answer — abuse of discretion — withdrawal of funds from State by foreign executor as affecting right to appointment of ancillary executor — authentication of foreign wills and letters — necessity for proof of foreign laws — sufficiency of authentication — right of ancillary executor to file answer to petition to set aside appointment.**

It is unusual for one judge to set aside an order or a decree of another judge of co-ordinate jurisdiction, on the ground that the other judge has been misled or deceived, and if such fact becomes a material question in the determination of an application, the application should be sent to the other judge, that that judge, himself, may determine whether the order was inadvertently granted by reason of any concealment of fact.

If one is entitled to appointment as ancillary executor it is not material whether or not an application has been filed for the probate of the will in this State, nor does it matter whether or not a temporary administrator has been appointed, unless perhaps to make proper the bringing in of other parties to the proceeding.

Where a decedent was a resident of Canada at the time of her death, and had there made a will valid under the laws of Canada, and there established according to the law of her residence, and the conditions of the requirements of section 2695 (now section 2629) of the Code of Civil Procedure have been fulfilled, there is an absolute right to the appointment of an ancillary executor, whatever proceedings may have been taken in this country in reference to the estate.

On proceedings to set aside the appointment of an ancillary executor it is an abuse of the discretion of the court to deny the application of the executor for a reasonable extension of time within which to file his answer, which is made upon reasonable grounds and not for the purpose of delay.

The appointment of an ancillary executor can in no way be conditioned upon the return to this jurisdiction of moneys which a foreign executor has taken therefrom, whether such taking was rightful or wrongful.

It is not essential to the proper authentication of foreign wills and letters that the laws of the foreign country should be proven in the first instance otherwise than by the certificate of a judge as provided in section 45 of the Decedent Estate Law.

Certificates as to a copy of a will or as to the granting of letters, made in the Province of Quebec, Canada, are properly authenticated under section 45 of the Decedent Estate Law by a certificate of a prothonotary of the Superior Court of the Province of Quebec, to which is attached a certificate by a judge of the Superior Court of said Province, which is in due form as required by said section 45, and where to that certificate is attached the certificate of a United States vice-counsel to the signature and official character of said judge.

Before the appointment of an ancillary executor should be revoked the appointee should be allowed to serve an answer to the petition for revocation.

APPEAL by the Farmers' Loan and Trust Company from a decree of the Surrogate's Court of the county of New York, entered in the office ·of said Surrogate's Court on or about the 12th day of July, 1918, as resettled by an order and decree entered therein on the 13th day of November, 1918, revoking ancillary letters testamentary heretofore issued to it upon the estate of Elizabeth Connell. Also an appeal is taken from an order entered in said Surrogate's Court on the 25th day of November, 1918, denying appellant's application to open the decree appealed from and to file an answer to the petition of the respondent asking for the revocation of the ancillary letters.

*C. Alexander Capron* of counsel [*Charles Angulo* with him on the brief; *Geller, Rolston & Horan,* attorneys], for the appellant.

*Roger Foster,* for the respondent.

SMITH, J.:

Elizabeth Connell died in the year 1910. She had made a notarial will, so called, in Canada. Under that notarial will she appointed her nephew, Thomas Kirk of Montreal, as her executor. Under the laws of Canada, after the death of a testator under such a will, no special proceedings are required

in order to prove the will or to give authority to the executor to execute the will, except that the executor is required to file with the court in the district in which the decedent resided a paper accepting the position as executor. This paper was filed by Kirk and he assumed thenceforth to exercise the office of executor under the will. Elizabeth Connell left about $13,000 of personal property in the State of New York. The executor, by virtue of his office, came to New York city and collected about $6,000, or thereabouts, of said personal property. An application was made by the Farmers' Loan and Trust Company for appointment as ancillary executor, under former section 2695 of the Code of Civil Procedure, which by chapter 443 of the Laws of 1914 was amended as section 2629. This application was granted and the Farmers' Loan and Trust Company was appointed as such ancillary executor. On March 11, 1911, Elizabeth Craig, one of the next of kin of the estate, presented a petition to the surrogate of the county of New York, asking that the will be probated. This petition alleged that Mrs. Connell was, at all times, a resident of New York, and that she had personal property in that city. On May 29, 1911, Mrs. Barrows, another of the next of kin, also presented a petition to the same surrogate, asking that the decree as to the ancillary letters be set aside. This petition made the same allegations as to the residence of Mrs. Connell, and stated that the will was made under undue influence and that the papers upon which the appointment of the ancillary executor were made were not properly authenticated. The Farmers' Loan and Trust Company made answer to both petitions containing certain denials and further alleging that Mrs. Connell was a resident of Quebec and that her will was duly proved in that province. An order of reference was then made as to the question of residence. The referee reported that Mrs. Connell was a resident of Quebec at the time of her death and this report was approved by the surrogate, and the petition for the revocation of the letters ancillary was denied. (See *Matter of Connell*, 92 Misc. Rep. 324.) At the same time the surrogate dismissed the proceeding of Mrs. Craig for a probate of the will in New York county. From these two orders an appeal was taken to the Appellate Division where the orders were affirmed. Upon

appeal to the Court of Appeals these orders were reversed upon two grounds, *first*, that the copy of the will was not duly authenticated as required by section 2695 of the Code of Civil Procedure, and, *secondly*, upon the ground that under that section application for letters ancillary could only be made after the will had been probated in the foreign country, and that no such probate as was contemplated in the section had been shown. (See *Matter of Connell*, 175 App. Div. 986; revd., 221 N. Y. 190.)

Thereafter application was made to the Superior Court of the Province of Quebec, in Canada, for the probate of that will, and proceedings were therein had and a decree was entered admitting the said will to probate. After this decision in the Court of Appeals, and after the decree admitting the will to probate in the Province of Quebec, the Farmers' Loan and Trust Company made another application to the surrogate of New York county for appointment as ancillary executor, basing its application both upon the probate proceedings in the Province of Quebec and also upon the amendment of section 2695 in 1914. That amendment authorized the granting of ancillary letters in this State where the will had " been admitted to probate *or established* " in the foreign country. The trust company claimed that that amendment dispensed with the necessity of formal probate, and authorized the issuance of letters ancillary in any case where the will *was established* according to the laws of the country of which the decedent was a resident when she died. Upon that application, which I will call the second application, ancillary letters were again issued to the Farmers' Loan and Trust Company.

Thereafter another application was made by Rose Ragan McCaffrey to set aside this second appointment of the Farmers' Loan and Trust Company as ancillary executor. When that application came on to be heard the Farmers' Loan and Trust Company asked an adjournment of a few days in order to obtain some records from Canada. This, at first, was granted. Thereafter, upon oral argument it appeared that in this second application of the Farmers' Loan and Trust Company for appointment as ancillary executor, the petition did not show that there was an application pending for a probate of the will in this country. Upon this fact appearing,

Surrogate COHALAN withdrew his consent to the postponement of the proceeding to allow the Farmers' Loan and Trust Company to file its answer and at once directed a decree revoking the ancillary letters of the Farmers' Loan and Trust Company.

It was stated on the argument and was not controverted that Surrogate COHALAN was of the opinion that the petition, in failing to show the proceeding instituted for the probate of the will in this country was a fraud upon Surrogate FOWLER who granted the second application for the appointment of the Farmers' Loan and Trust Company as ancillary executor, and this, although stated by the surrogate at the hearing, was not stated in the decree itself as the reason for the granting of the same, otherwise than in the recital stated in the decree setting aside the appointment. Thereafter the Farmers' Loan and Trust Company made a separate application for leave to reopen the decree and to be allowed to file an answer in the proceeding. This was also denied. From the decree itself revoking the letters ancillary and from the refusal of Surrogate COHALAN to open the decree and allow the Farmers' Loan and Trust Company to file its answer, this appeal is taken.

Counsel for both parties have discussed at length in briefs the effect of this decree of probate in the Superior Court of the Province of Quebec, and also the effect of the amendment of 1914 of section 2695 of the Code of Civil Procedure. As I view the questions here presented, however, these questions are not necessarily here for determination. They may properly be raised when the answer of the Farmers' Loan and Trust Company is before the court and the issues of law there presented whether the appointment of the Farmers' Loan and Trust Company, under this second application was a legal appointment. It is unusual for one judge to set aside an order or a decree of another judge of coördinate jurisdiction, on the ground that the other judge has been misled or deceived. It would seem if that fact became a material question in the determination of the application, that the application should have been sent to the other judge, that that judge, himself, might determine whether the order was inadvertently granted by reason of any concealment of facts. Moreover, I cannot conceive how any claim of concealment can be based upon the facts presented in this case. This second appointment of

the Farmers' Loan and Trust Company as ancillary executor in all probability was not made except upon a careful examination of the opinion of the Court of Appeals, wherein the first appointment was declared to have been illegal, and in that opinion the facts claimed to have been omitted from this petition are clearly set forth, so that Surrogate FOWLER must have had before him the fact, the omission of which in the petition seems to have been held as the reason for the setting aside of this appointment.

It is, contended by appellant upon the argument that the fact that an application had been made for the probate of the will in this country was not a fact relevant to the application of the Farmers' Loan and Trust Company, and I quite agree with this contention. If the Farmers' Loan and Trust Company was entitled to the appointment as ancillary executor, it cannot matter whether or not any number of applications have been filed for the probate of the will in this State and in New York county, nor can it matter whether or not a temporary administrator had been appointed, unless perhaps to make proper the bringing in of other parties to the proceeding. If the deceased were a resident of Canada at the time of her death and made a will valid under the laws of Canada and there *established,* according to the law of her residence, and if the conditions of the Code requirement of section 2695 as it now exists as section 2629 be fulfilled, there is the absolute right to this appointment as ancillary executor, whatever proceedings may have been taken here in reference to the estate.

Nor does it seem necessary to discuss the question whether reasonable excuse was offered by the Farmers' Loan and Trust Company for failure to present their answer at the time the decree was made. The exercise of the discretion of the court, if such discretion has been exercised, to deny that application of the Farmers' Loan and Trust Company, would seem to be an abuse of the discretion of the court. It does not appear that the Farmers' Loan and Trust Company was in any way endeavoring to delay the proceedings and its application made upon reasonable grounds should have been granted. When that answer is in and the proceeding comes on for trial, the questions of law here urged as to the effect of the proceedings for probate of the will in Canada and as to the

interpretation of the statute as now amended will be properly considered.

Upon the oral argument the respondent strenuously dwelt upon the fact that the executor appointed in Canada had come here and withdrawn some $6,000 of the $13,000. There is no proof that that has been misapplied in any way and it is not entirely free from doubt whether he had not the absolute right to withdraw those moneys. But even if he wrongfully withdrew them, the appointment of the ancillary executor is not made in his behalf. It is made in behalf of the estate of Elizabeth Connell and of the legatees under her will and can in no way be conditioned upon that foreign executor's returning to this jurisdiction the moneys which he has taken, whether rightfully or wrongfully.

But the respondent could properly object to this appointment if the papers upon which it was made were not properly authenticated under section 45 of the Decedent Estate Law (Consol. Laws, chap. 13 [Laws of 1909, chap. 18], as amd. by Laws of 1909, chap. 304), and such an objection is here urged.

Section 2629 of the Code of Civil Procedure provides for an application for ancillary letters to be " accompanied by a copy of the will, and of the foreign letters, if any have been issued, authenticated as prescribed in section forty-five of the Decedent Estate Law." Here is no provision for authentication as required by sections 952 and 956 of the Code of Civil Procedure.

Section 45 of the Decedent Estate Law consists of two distinct sentences. The first sentence provides for authentication where a copy of the will probated *in the United States* is to be acted on. The other sentence provides for the use in this State of a copy of a will admitted to probate or of letters testamentary granted *in a foreign country*. The first sentence provides for authentication by a certificate under the great or principal seal of such State or Territory, etc., but that sentence refers to wills, etc., granted in any other State or Territory of the United States.

The second sentence providing for the authentication in cases of wills and probate proceedings in foreign countries only provides for an authentication in the manner prescribed in the foreign country and the further certificate of a judge

of a court of record in that country to the effect that it was so authenticated and as to the jurisdiction of the court, etc. The signature and official character of such judge or court of record shall be attested by a consular officer of the United States, resident in such foreign country, under the seal of his office. The contention that the laws of the foreign country must in some way be proven in the first instance otherwise than by the certificate of such judge is not reasonable. The affidavit of a Canadian lawyer as to the laws of Canada cannot be required in support of the certificate of the judge. If further proof of the regularity of the authentication were required than a certificate of the judge, the Legislature would have *specifically* provided of what that proof should consist, and if further proof were required, the certificate of the judge would seem to be superfluous.

As I construe the second sentence of section 45 of the Decedent Estate Law, the appellant has fully conformed to its requirements.

The appellant has produced two certificates of John P. Noyes, the prothonotary of the Superior Court of the Province of Quebec — one of them certifying the copy of the will in due form and the other certifying to the fact that no letters testamentary or letters of administration with the will annexed have been issued upon the said last will of Elizabeth Kirk Connell. To each of these certificates is attached a certificate of Judge M. F. HACKETT of the Superior Court of the Province of Quebec which is in due form as required by section 45 of the Decedent Estate Law, and to each of these certificates is attached the certificate of our vice-consul to the signature and the official character of said judge.

This would seem to conform to all the requirements of section 2629 of the Code of Civil Procedure, so as to authorize the surrogate here to grant the ancillary letters for which this appellant petitions.

When this case was in the Court of Appeals upon the prior appeal, the papers presented were held not to be sufficiently authenticated within section 45 of the Decedent Estate Law. There was no specification as to the defects in the authentication there found. An examination of the record, however, and of the briefs of counsel upon that appeal indicate that

the record here presented is entirely different from the record presented upon that appeal, and that none of the objections made to the authentication in that case are applicable to the authentication here presented.

It is enough for us here to hold that the papers as presented to the surrogate were sufficiently authenticated to authorize the granting of these ancillary letters in the first instance, and before such appointment should be revoked the trust company, the appointee, should be allowed to serve an answer to the petition for the revocation of its appointment. The issue presented may then be regularly tried and the validity of the appointment, both as matter of fact and as matter of law be determined upon such trial.

The order of the surrogate should, therefore, be reversed and the motion of the appellant for leave to file an answer should be granted, without costs.

The decree revoking the ancillary letters is reversed, with costs, and the proceeding remitted to the surrogate for further action in accordance with this opinion.

CLARKE, P. J., LAUGHLIN, MERRELL and PHILBIN, JJ., concurred.

Order denying motion to file answer reversed and motion granted, without costs. Decree reversed, with costs, and proceeding remitted to surrogate for further action in accordance with opinion.