Surrogate's Court, New York County, November, 1920.    [Vol. 113.

Matter of the Estate of ELIZABETH CONNELL, Deceased.

(Surrogate's Court, New York County, November, 1920.)

**Wills — probate — letters testamentary — ancillary letters — foreign decrees.**

> While ancillary letters issued upon a foreign decree of probate remain unrevoked, a motion to entertain a petition for probate and letters testamentary will be denied.

MOTION to entertain petition for letters testamentary.

Roger Foster, for petitioner.

Geller, Rolston & Horan, for Farmers' Loan and Trust Company, ancillary executor.

John J. Dwyer, for Elizabeth Branagan.

FOLEY, S.   The Farmers' Loan and Trust Company having complied with the provisions of sections 2629 and 2630 of the Code of Civil Procedure, which provide for the issuance of letters in this state upon a foreign grant of probate, was rightfully awarded ancillary letters.   The very basis of the grant of ancillary letters under the provisions of section 2629 (old section 2695) of the Code of Civil Procedure, was the proof of probate or of the establishment of the will in the foreign country.   The decree of this court awarding ancillary letters was subsequently affirmed by the Appellate Division (*sub nom. Matter of McCaffrey*, 188 App. Div., 772).   The opinion of Mr. Justice Smith clearly points out that this will had already been probated in the province of Quebec.   The Farmers' Loan and Trust Company is still acting as such ancillary ex-

ecutor. There cannot be two representatives acting for an estate in different capacities, one as ancillary executor and the other as executor. The issuance of the ancillary letters testamentary necessarily precludes the issuance of other letters, and while they remain unrevoked no original probate proceeding should be instituted in this court. To hold otherwise would result in confusion and in conflict of authority. This comparatively small estate has already been depleted to too great an extent by litigation, most of which was unnecessary, and the ancillary executor should be permitted to proceed with all possible speed to a final accounting. The motion to entertain the petition is, therefore, denied.

Motion denied.