## In the Matter of the Probate of the Foreign Will of GEORGE DUAL EIGHMIE, Deceased.

Surrogate's Court, Westchester County, December, 1923.

**Wills — probate — will of citizen of the United States proven in England — meaning of " admitted to probate "— probate of will under Surrogate's Court Act, section 138, denied, original probate of will entertained.**

In ascertaining the meaning of " admitted to probate " as used in section 138 of the Surrogate's Court Act which relates to probate of wills of citizens of the United States domiciled in the United Kingdom of Great Britain and Ireland there must be read section 159 of said act relating to ancillary letters upon foreign probate, in both of which sections the words " admitted to probate " are used in connection with the issuance of letters.

A citizen of the United States having died in England a paper writing executed by him in the United States and witnessed by two residents therein was proven and registered in the Principal Probate Registry of His Majesty's High Court of Justice, at London, England, and there being no contest the paper was in accordance with English practice probated in the common form as his last will.   Upon

a petition to probate said will pursuant to section 138 of the Surrogate's Court Act the original will was not produced nor did the certified papers filed with the petition contain any order of probate or the deposition of the subscribing witnesses to the will. *Held,* that probate should be denied but that an application for original probate of the will would be entertained in the present proceeding whenever like proof should be filed as is required upon probate of the last will of a resident of this state who shall have died therein.

PROCEEDING to probate a will.

*Harry D. Holden,* for petitioner.

*William C. Clark,* special guardian.

SLATER, S.　The petitioner seeks to probate a foreign will, pursuant to section 138 of the Surrogate's Court Act.　George Dual Eighmie, a citizen of the United States, resided in England.　He died in the foreign country leaving a paper writing executed here, witnessed by two persons residing in this country.　The said paper writing was " proven and registered in the Principal Probate Registry of His Majesty's High Court of Justice," at London, Eng.　The original will is not produced before this court.　The certified papers filed with the petition do not contain any order of probate, nor the deposition of witnesses to the execution of the will.

Section 138 of the Surrogate's Court Act relates to probate of wills of citizens of the United States domiciled in the United Kingdom of Great Britain and Ireland.　It says: " The last will and testament of any person being a citizen of the United States, or, if female, whose father or husband previously shall have declared his intention to become such citizen, who shall have died, or hereafter shall die, while domiciled or resident within the United Kingdom of Great Britain and Ireland, or any of its dependencies, which shall affect property within this state and which shall have been *duly proven* within such foreign jurisdiction, and *there admitted to probate,* shall be *admitted to probate* in any county of this state wherein shall be any property affected thereby, upon filing in the office of the surrogate of such county, and there recording, a copy of such last will and testament, certified under the hand and seal of a consul-general of the United States resident within such foreign jurisdiction, together with the *proofs* of the said last will and testament, made and accepted within such foreign jurisdiction, certified in like manner.　*　*　*　provided, that before any such will shall be *admitted to probate* in any county of this state, *the same proceedings shall be had in the surrogate's court of the proper county as are required by law upon the proof of the last will and testament of a resident of this state* who shall have died therein; except that there need be cited upon such probate proceedings only the beneficiaries named in such will."

The question arises whether said will has been *admitted to probate* in the foreign country.   In ascertaining the meaning of the words " admitted to probate " as used in section 138, we must read section 159 of the Surrogate's Court Act providing for the granting of ancillary letters upon foreign probate affecting personal property, which is as follows:

" § 159. Ancillary letters upon foreign probate.   Where a will of personal property made by a person who resided without the state at the time of the execution thereof, or at the time of his death, has been *admitted to probate, or established* within the foreign country, or *admitted to probate* within the state or the territory of the United States, where it was executed, or where the testator resided at the time of his death; the surrogate's court having jurisdiction of the estate, must, upon an application made as prescribed in this article, accompanied by a copy of the will, and of the foreign letters, if any have been issued, authenticated as prescribed in section forty-five of the decedent estate law, record the will and the foreign letters, and issue thereupon ancillary letters testamentary, or ancillary letters of administration with the will annexed, as the case requires."

*Matter of Connell,* 221 N. Y. 190, reversing the decision of the Appellate Division (175 App. Div. 986) which had affirmed a decree of the surrogate of New York county (92 Misc. Rep. 324) dismissing a petition for the probate of the will of Elizabeth Connell, deceased, and also a petition to revoke a decree granting ancillary letters upon her estate, affects the disposition of the instant case. The *Connell* proceeding was commenced in 1911 and its disposition was governed by the provisions of the Code as they existed prior to the amendment effected by chapter 443 of the Laws of 1914. The case involved the validity of the probate of a will in the province of Quebec as well as the validity of the order granting ancillary letters.   The question was whether the papers presented to the surrogate constituted a probate within the meaning of section 2695 of the Code of Civil Procedure, now section 159 of the Surrogate's Court Act.   Judge Andrews, writing for the court, said (p. 195): " Where a petition is presented by a person interested in the estate showing the death of a non-resident, the execution of the will and the presence of the personal property within the surrogate's jurisdiction, it is the duty of the surrogate to admit such will, if properly executed, to probate in this state, unless it also appears that such will has been duly admitted  to  probate  elsewhere *   *   *   The surrogate had no jurisdiction to record a will and grant the ancillary letters unless there was proof before him that the will had been admitted to probate* in Quebec, and unless the petition asking

for such letters was accompanied 'by a copy of the will, and of the foreign letters, if any had been issued, authenticated as prescribed ' in section 45 of the Decedent Estate Law.   *   *   *   We are also of the opinion there was no probate of the will in Quebec within the meaning of our Code.   The word ' probate ' as there used implies a judicial determination.   ' A probate is a judicial act of a court having competent jurisdiction.'   *   *   *   It may be true that in some countries a notarial will needs no admission to probate.   It proves itself.   But the legislature, familiar with our jurisprudence, did not use the words ' admitted to probate ' in such a sense."

In section 138 and section 159 of the Surrogate's Court Act we find use of the words " admitted to probate " in connection with the issuance of letters.   The court is of the opinion that the phrase " admitted to probate " as used in section 138 has the same meaning as the court gave to the words.   *Matter of Connell, supra.*

During the pendency of the *Connell* proceeding the words " *or established* " were added to section 2629 of the Code of Civil Procedure, now section 159 of the Surrogate's Court Act.   Surrogate Fowler in *Matter of Harwood,* 104 Misc. Rep. 653, October, 1918, held that upon a will established in France, ancillary letters would issue pursuant to section 159 of the Surrogate's Court Act, because of the addition of the words " or established " in said section.   The revisers did not add the words " or established " to section 138 of the Surrogate's Court Act, and wills sought to be probated pursuant to that section must meet the requirements of the *Connell* decision as to the meaning of the words " admitted to probate."

The law of England recognized two forms of probate, the common form and the solemn form *per testes.*   A will may be proved in common form only when there is no contest.   Under this form the will is admitted to probate without citing any of the parties interested under the will, or who would have succeeded to the decedent's estate had he died intestate.   Interested parties may at any time thereafter compel the executor to prove the will in solemn form, and if he fails to do so, the will is deemed revoked.   To prove a will in common form, application must be made by the one designated as the executor, and the application is rather informal.   If the will contains an attestation clause, it is not necessary to produce witnesses to prove the execution.   Proceedings to probate a will in solemn form are quite similar to the practice in our state of admitting wills to probate, and is a judicial determination and would be recognized by the law of our state.   The will in the instant case has been probated pursuant to the common form and consequently

48

must fail of probate upon the filed papers in our state. *Matter of Connell, supra.*

· The application for original probate of said will pursuant to section 138 of the Surrogate's Court Act will be entertained in this proceeding whenever like proof shall be filed as required by law upon probate of the last will and testament of a resident of this state who shall have died therein.

Decreed accordingly.