Burke, J. (dissenting).
We do not believe that the Government of British Honduras has shown that it possesses a status which would require the Surrogate to grant it permission to intervene in a proceeding to probate a will in New York disposing of the personal property of a nonresident decedent. Although a person lacking status to intervene in a proceeding obviously may not attack the jurisdiction of the court, the circumstances of this case impel us to observe that the Surrogate unquestionably had discretion to probate this nonresident’s will *317 insofar as it related to personal property in this State. (Surrogate’s Ct. Act, §§ 45, 202.) In this connection it is significant to note that no will has been admitted to probate in British Honduras in solemn form. In the proceedings to have the 1955 will probated in solemn form, the proponents of the 1918 will which was asserted by way of counterclaim offered it as probated in common form. The common form of probate is not deemed a probate within the meaning of our statute. (Matter of Connell, 221 N. Y. 190.) Unless a will has been probated in the foreign country in a manner which complies with our statutes, ancillary letters may be withheld. (Surrogate’s Ct. Act, § 159; Matter of Gifford, 279 N. Y. 471.) It is well known that when a nonresident’s will is admitted to probate in New York all the proceedings relate only to the assets located in New York. Thus the scope of inquiry into the asserted right of the Government of British Honduras to participate in the New York proceeding is circumscribed by the specific nature of the interest it claims in the property situated in New York. In this regard we must consider the posture in which the case came to this court.
For the purpose of the application, the Surrogate and all parties assumed that the decedent died intestate a domiciliary of British Honduras and he left him no person with any right of succession prior to that of the government. It is clear, therefore, that the Government of British Honduras does not represent the deceased, is not acting for a domiciliary administrator, and is not and never has been acting as decedent’s administrator in British Honduras. The probate of the will here will only affect the rights of persons who have an interest in the New York property. Since nothing that is done in the New York proceeding will in any way affect the Government of British Honduras ’ rights, if any, to administer or take the property of the decedent that is located in other jurisdictions, a right to take property of the decedent that is located in British Honduras cannot endow it with an interest in these proceedings. The Government of British Honduras had to prove that it had a pecuniary interest in the assets located in New York in order to have standing to intervene in the proceeding to probate the will (Surrogate’s Ct. Act, § 147). Since an escheat of the property is involved, the Government of British Honduras had to claim the property in *318 New York through the decedent. To establish such a relationship, the government admittedly had to establish its capacity to take the New York property as an heir. In fact, the government did base its claim to intervene on the theory that it was an heir. But its claim to such status was correctly found to be untenable. Where, as here, the relevant statutes of the foreign government reveals that the government would take property as “ bona vacantia ”, that government is neither recognized as an heir of its domiciled decedent (Matter of Menschefrend, 283 App. Div. 463, affd. 8 N Y 2d 1093, decided herewith) nor is it qualified upon intestacy to take his personal estate within New York. We find it difficult, therefore, to follow the court’s statement that we are not deciding whether, if probate fails and there is a failure of heirs, the Government of British Honduras would be entitled to the personal property which has a situs in New York. That was decided in the courts below and is the sole question for determination here.
The order of the Appellate Division should be affirmed and the question certified answered in the affirmative.