■ In the Matter of the Probate of the Will of HENRIETTA GOLDSTEIN, Also Known as HENRIETTA ZWAIFLER, Deceased. STEVEN W. WOLFE, Appellant, ALICE GROSWALD, Respondent.— Order entered February 24, 1970, in the

Surrogate's Court, New York County, denying motion of the alternate executor and trustee to dismiss an objection to probate, unanimously reversed on the law and in the exercise of discretion, with $30 costs and disbursements to all parties appearing separately and filing separate briefs, payable out of the estate, and the motion granted. In denying the motion to dismiss the objection which alleged that the court was without jurisdiction to probate the will of deceased since she was a resident of Florida at the time of her death, the Surrogate held that he would entertain the proceeding only in the event New York County domicile was established. In view of the facts hereafter enumerated, irrespective of the actual domicile of the deceased her will was entitled to probate in New York both as a matter of law and in the exercise of discretion. All of the deceased's assets are located in this State; her personalty is located in New York County; her will contains an express declaration that she is a resident of New York; the will was drafted by a New York attorney, executed here, witnessed by New York residents and has not been probated elsewhere; the distributees all reside within or close to New York City; decedent's spouse and two of the three adult residuary legatees prefer probate here and the objecting party speaks for only one-seventh of the residuum; and, the named fiduciaries would be disqualified from acting in Florida. (*Matter of Connell*, 221 N. Y. 190; *Matter of Heller-Baghero*, 32 A D 2d 328, affd. 26 N Y 2d 337; *Matter of Turton*, 30 Misc 2d 96; SCPA 206, 207, 1605.) The objection should therefore have been dismissed; and the proceeding to probate the will should go forward. Concur — Eager, J. P., Markewich, Tilzer and Bastow, JJ.