ADELE BALDWIN and WILLIAM OGDEN HARRISON, as Administrators with the Will Annexed, etc., of ELIZABETH B. RICE, Late of the City of Houston, Texas, Deceased, Appellants, *v.* WILLIAM M. RICE, JR., and Others, as Executors, etc., of WILLIAM M. RICE, Deceased, Respondents.

*Surrogate's Court — power of, to issue letters upon the estate of a decedent whose will was proved in another State — ancillary letters can issue only to, or with the consent of, the foreign executor.*

The Surrogate's Court has no power to issue letters of administration with the will annexed upon the estate of a decedent whose will has been admitted to probate in another State.

The jurisdiction of the Surrogate's Court with respect to such wills is limited to the issue of ancillary letters testamentary, or ancillary letters of administration with the will annexed.

Nor can it, under section 2697 of the Code of Civil Procedure, issue even ancillary letters to a person other than the foreign executor or administrator, unless such person files with his petition the consent of the foreign executor or administrator.

APPEAL by the plaintiffs, Adele Baldwin and another, as administrators with the will annexed, etc., of Elizabeth B. Rice, late of the city of Houston, Texas, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 19th day of August,

1904, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the complaint upon the merits.

The action is brought by the plaintiffs under letters of administration with the will annexed issued by the surrogate of the county of New York upon the estate of Elizabeth B. Rice to recover from the executors of William M. Rice, deceased, the husband of the said Elizabeth B. Rice, one-half of certain assets to which the plaintiffs claim to be entitled by virtue of a statute of the State of Texas where the marriage between Elizabeth B. Rice and William M. Rice took place, providing that property acquired by a husband and wife during the marriage should belong to them in common.

The trial court found that William M. Rice and Elizabeth B. Rice were married at Houston, Texas, in June, 1867, and continued to be husband and wife until the death of Elizabeth B. Rice in July, 1896; that the will of the said Elizabeth B. Rice was admitted to probate in the State of Texas March 22, 1897, and that letters testamentary thereon were issued to Oran T. Holt and that the latter duly qualified.

The court also found that William M. Rice died in September, 1900, and that his will was admitted to probate July 27, 1902, and that letters testamentary thereon were duly issued to the defendants; that on November 5, 1902, the plaintiff Adele Baldwin, a cousin of Elizabeth B. Rice, applied to the Surrogate's Court of New York county for letters of administration with the will annexed on the estate of Elizabeth B. Rice, alleging that the deceased left assets in the State of New York and that her executor, Holt, had neglected to qualify in the State of New York and administer such assets; that on this petition a citation was issued to Holt requiring him to qualify as executor of or as administrator with the will annexed of Elizabeth B. Rice for the purpose of administering the assets of said decedent in the State of New York or to show cause why he should not be deemed to have renounced such appointment and why letters of administration with the will annexed should not be issued to the petitioner and to William Ogden Harrison; that this citation was served upon Holt personally outside the State of New York and also by publication and that upon his failure to appear upon return day the surrogate adjudged that he should be deemed to have renounced his appointment as executor or administrator with the

will annexed of the last will and testament of Elizabeth B. Rice and issued letters of administration with the will annexed to the plaintiffs, Adele Baldwin and William Ogden Harrison.

*John Brooks Leavitt,* for the appellants.

*James Byrne,* for the respondents.

PER CURIAM:

The judgment should be affirmed on so much of the opinion of the court below as holds that the plaintiffs have no standing in court to maintain this action. But the judgment should not have been upon the merits. Judgment should be modified by striking out "upon the merits," and as so modified affirmed, without costs.

Present — VAN BRUNT, P. J., PATTERSON, O'BRIEN, HATCH and LAUGHLIN, JJ.

Judgment modified as stated in opinion and as so modified affirmed, without costs.

The following is the opinion of the court below:

SCOTT, J. :

After further consideration of the provisions of the Code of Civil Procedure, and a careful reading of the authorities cited upon the opposing briefs, I find myself confirmed in the opinion expressed upon the trial that the Code of Civil Procedure is intended to preserve and does consistently preserve a marked distinction between wills admitted to probate in this State and those which are permitted to be filed or recorded upon the production of an exemplified record of probate in a foreign State. Upon wills of the latter class the surrogate's power is limited to the issue of ancillary letters testamentary, or ancillary letters of administration with the will annexed (§ 2695). The sections so confidently relied upon by plaintiffs (§§ 2642, 2643) apply by their very terms to the case of a renunciation or refusal to qualify of an executor named in a will which has been admitted to probate. The will of Elizabeth B. Rice has not been admitted to probate in this State. The plaintiff's petition asked that it be recorded in the surrogate's office, and the decree of the surrogate merely directed that the " will of Elizabeth B. Rice, with the proofs and the decree

adjudging the probate thereof, be filed in the office of the Surrogate of the County of New York." It matters not that neither in the surrogate's decree nor in the letters of administration are the plaintiffs described as ancillary administrators. They could not have been appointed other than ancillary administrators under such proceedings as were had in respect to this will. But while the filing of the foreign will with the authenticated record of its probate in Texas conferred upon the surrogate authority to issue ancillary letters, he had no authority to issue such letters, or any letters to these plaintiffs. Section 2697 of the Code of Civil Procedure limits the issue of such letters to the person named in the foreign letters or to the person otherwise entitled to the possession of the personal property of the decedent, " unless another person applies therefor, and files with his petition an instrument executed by the foreign executor or administrator, or person otherwise entitled as aforesaid, * * * authorizing the petitioner to receive such ancillary letters." The plaintiffs did not bring themselves within the terms of this section, and hence their attempted appointment by the surrogate was void. As was remarked in *Montgomery* v. *Boyd* (78 App. Div. 64, 71) with respect to a non-resident decedent leaving assets in this State, " no one can take out administration here except through, or by the voluntary action of the foreign executors." The defendants have the right to call in question in this action the validity of plaintiffs' appointment and their resultant capacity to maintain this action. The Surrogate's Court, while it is now a constitutional court so far as concerns its existence, possesses only such jurisdiction as is conferred upon it by statute, and only such powers as are either expressly conferred upon it or are necessarily incident to the exercise of its statutory jurisdiction. (*Bevan* v. *Cooper*, 72 N. Y. 327; *Riggs* v. *Cragg*, 89 id. 479; *Matter of Bolton*, 159 id. 134.) Therefore, any one claiming title or authority under a decree of a Surrogate's Court must be prepared to show that the court had jurisdiction to make the decree (*Matter of Hawley*, 104 N. Y. 262), and such a decree may always be attacked collaterally for lack of jurisdiction in the surrogate. (*Taylor* v. *Syme*, 162 id. 519.) My conclusion is that the attempted appointment of plaintiffs as administrators with the will annexed of Elizabeth B. Rice, deceased, was void, and that they thereby acquired no capacity to maintain this action.

I am also of the opinion that, even if the plaintiffs had been lawfully appointed and had capacity to sue, the judgment of the Circuit Court of the United States in the action in which William M. Rice was originally plaintiff and Oran T. Holt, as executor, etc., of Elizabeth B. Rice, deceased, was defendant, would stand as a complete and impregnable bar to any recovery in this action. It is not important to consider the objections offered to the other judgments read in evidence, for it must be, and I understand is, conceded that the action to which I have referred involved the identical issues raised in this action and that the judgment in that action, if valid and unimpeachable, constitutes a complete bar to a recovery in the present action. The plaintiffs seek to call in question that judgment in this action upon the ground that it was entered upon the consent of Holt, the executor in Texas of Mrs. Rice's will; that he had no legal authority to give such consent; that it was given in pursuance of a collusive agreement between him and the personal representatives of William M. Rice, then deceased, which provided for a totally inadequate payment to Mrs. Rice's legatees; that the plaintiff Baldwin and certain other legatees have protested against the agreement and refused to consent thereto or to take anything thereunder. It is not contended that the Circuit Court had not jurisdiction to entertain the action, or that any fraud was committed upon Holt to induce him to consent to a compromise of the action and the entry of a judgment therein. The only fraud charged is that Holt, as executor of Mrs. Rice's will, committed a fraud upon her legatees. I know of no principle upon which the judgment can be collaterally attacked in this action, upon any of the grounds suggested. The plaintiffs seek to maintain this action in a representative capacity as administrators with the will annexed of Elizabeth B. Rice, deceased, and their claim to act in that capacity is based upon the refusal of Holt, the Texas executor, to take out ancillary letters in this State. They stand, therefore, so far as this action is concerned, in Holt's shoes, and can have no greater rights than he would have had if he had taken out letters here. It seems to be self evident that he could not, for any of the reasons suggested by plaintiffs, have called into question the judgment of the Federal court. It is well settled, by an unbroken line of decisions, that a judgment may be impeached, even collaterally, for a fraud practiced in the procure-

ment or concoction of the judgment itself by which the defendant was prevented from availing himself of his defense (*Mayor* v. *Brady,* 115 N. Y. 599), but an examination of the cases holding that doctrine will show that the fraud referred to is one practiced upon the defendant in the judgment. There is no contention that any such fraud was practiced upon Holt in the case under consideration. It is also undoubtedly true that a collusive judgment may be questioned collaterally by parties who are injured by it, or against whom it is invoked as a bar, if they were neither parties to it, nor privies. (*Spicer* v. *Waters,* 65 Barb. 227; 2 Cowen & Hill's Notes, 854 *et seq.**) That rule might be invoked by Mr. Rice's legatees, if they were in a position to sue in their own behalf, but it is not available to these plaintiffs suing in a representative capacity, and merely as the substitutes in this State of Holt, the executor, by whose consent the judgment was entered. The objection that the action was not properly transferred to the Circuit Court for the southern district of Texas is untenable. The act of Congress of March 11, 1902, creating the southern district, provided for the transfer of "pending" actions and proceedings.† At that date, owing to the death of William M. Rice, his action against Holt had abated. It was not, however, terminated, and was still pending. An action upon a cause which survives the death of a party is not ended by his death. It still remains pending, but is dormant, subject to be revived at any time by the substitution of the proper representative or successor in interest of the deceased party. Nor was the action excepted from the provision of the statute because an order had been made for the taking of testimony before examiners in equity. The proviso was that those causes should be retained in the court in which they originated, in which "evidence has been taken in whole or in part before the present district judges of the judicial districts of Texas as heretofore constituted."‡ Under the equity practice of the Federal courts evidence taken before an examiner, in preparation for the submission of the cause to the court, cannot in any proper sense be said to have been taken before a judge. The evident intention of the proviso was that causes should not be transferred which

* See Phillipps' Ev. (4th Am. ed. vol. 4).— [REP.

† 32 U. S. Stat. at Large, 66, § 7.— [REP.

‡ 32 U. S. Stat. at Large, 67, § 7.— [REP.

had been partly tried before one of the judges. Such was not this case. For the reason that the judgment referred to is a bar to this action, not impeachable upon any ground stated in the reply, as well as for the reason that the plaintiffs have no legal capacity to maintain the action, there must be judgment dismissing the complaint upon the merits, with costs, but under the circumstances, without an allowance. The decision and decree may be settled on three days' notice.