(49 Misc. Rep. 209.)

## In re McCAULEY'S ESTATE.

(Surrogate's Court, New York County. January, 1906.)

1. ADMINISTRATORS—DEATH—ACCOUNTING—POWER TO APPOINT SUCCESSOR.
    Where an administrator appointed in this state died pending the administration, leaving a will, which was probated in a foreign state, and the foreign executor took no steps towards securing ancillary letters in this state, either for himself or any one else, the court had no power to appoint a representative of the estate of which testator was administrator, nor to appoint any one ·to procure or state the account of the testator as administrator.

2. SAME—CONVERSION OF ASSETS—AMOUNT—PRESUMPTION.
    Proof that an administrator has converted to his own use a certain sum from the assets of the estate, in the absence of an accounting, creates no presumption that he has not converted a greater sum.

3. SAME—ACCOUNTING.
    An administrator collected and converted assets of the estate and died, leaving a will, which was probated in a foreign state. The foreign executor refused to come into this state, or to take any steps towards, or consent to, the granting of ancillary letters. An administrator de bonis non was appointed, who by action collected from the surety of the deceased administrator the amount of $5,000. Held that, upon the accounting of the administrator de bonis non, there was no presumption that the deceased administrator had not received and converted other assets than those for which a recovery had been had against the surety.

4. SAME—BURDEN OF PROOF.
    An administrator collected and converted assets of the estate ·and died, leaving a will, which was probated in a foreign state. The foreign executor refused to come into this state or to take any steps towards, or consent to, the granting of ancillary letters. An administrator de bonis non was appointed, who by action collected from the surety of the deceased administrator the amount of $5,000. The foreign executor had assigned the share of his testator in the estate of which he was administrator. Held, that the burden was on the assignee to prove that the administrator had received no property in excess of that for which a recovery was had against the surety.

5. JUDGMENT—PERSONS CONCLUDED.
    Where a foreign executor of a deceased administrator had notice of an action in this state by the administrator de bonis non, against the surety on the deceased administrator's bond, to recover a sum converted by the deceased administrator, and the executor selected the counsel representing the surety, he was bound by a judgment against the surety.

Judicial settlement of the accounts of the administrator de bonis non of the estate of Terence A. McCauley, deceased. Decree rendered.

Wm. P. Maloney, for administrator de bonis non.
D. J. M. O'Callahan, for contestant D. J. McCauley.
Dennis Quinn, referee.
Chas. H. Haubert, for W. V. Burke and others.

THOMAS, S. The moneys which constitute the sole asset of the estate of the decedent received by the administrator de bonis non, who is now accounting, were collected in an action in the Supreme Court brought by him against the American Surety Company, as the surety on the bond of Daniel McCauley, given on the issuance of letters of administration out of this court to said Daniel McCauley, in May, 1894. Daniel McCauley was a brother of the decedent and a resident of the state of Massachusetts. He collected $5,000 on a sale of two patent rights belonging to the estate of the decedent, and died in 1898. No affirmative evidence has been furnished that he did not collect other assets, and neither he nor any representative of his estate has ever accounted in this state for his acts and doings as administrator. He left a will, which was proved in Massachusetts, but the executor who qualified under that will has steadfastly refused to apply for ancillary letters in this state, or to consent to the appointment of any person by this court as ancillary administrator or administrator with the will annexed of the estate of Daniel McCauley, deceased, who could be compelled to render an account of all the acts of Daniel McCauley, as administrator of Terence A. McCauley. In the absence of such application or consent, this court is without power to appoint any person to represent the estate of Daniel McCauley, deceased, or to procure or state any account of said Daniel McCauley as administrator. Baldwin v. Rice, 100 App. Div. 241, 89 N. Y. Supp. 738, 91 N. Y. Supp. 1086, affirmed 183 N. Y. 55, 75 N. E. 1096.

The Massachusetts executor of Daniel McCauley has executed an assignment of the share or interest which Daniel McCauley had in the estate of the decedent, being one-fourth part thereof, to Daniel J. McCauley, who appears in this proceeding demanding one-fourth of the property in the hands of the administrator de bonis non, together with other sums of money, and makes objections to some of his disbursements. It would seem to be clear that the estate of Daniel McCauley has no interest in the moneys paid by the surety of Daniel McCauley to make good the default and conversion by Daniel McCauley of funds, of the estate of his deceased brother, the decedent in this proceeding, unless we are satisfied by proof or necessary legal inference that Daniel McCauley did not receive other assets or property of the estate of the decedent sufficient to cancel all of his claims as a next of kin, and for money properly disbursed in due course of administration. There is no natural presumption that an administrator, who is shown to have wrongfully converted $5,000 of the assets of the estate of his decedent, has not made away with more, and the rule of general application to all trustees that an accounting is to be rendered in every case before any inference in their favor can be indulged has, in this case, a proper and reasonable application. In the present proceeding the representative of the deceased unfaithful administrator is seeking affirmative relief. A

fact which is necessary and vital to his cause of action is that no property in excess of the sum collected from the surety was received by the administrator. The accounting which would establish that fact, if it is true, could be had at the instance of the assignor of the claimant, and such accounting, though requested, is resisted and refused. Under such circumstances, at least, no legal presumption in his favor can be indulged which can save him from bearing the burden of proving every fact necessary to establish his claim, though this involves the necessity of proving a negative.

The Massachusetts executor of the deceased administrator had notice of the action brought in the Supreme Court, and the surety was represented in that action by counsel selected by such executor. The estate of the deceased administrator is bound by that judgment, and the assignee of the Massachusetts executor is also bound by it. The legal effect of the judgment is to determine that the deceased administrator had received assets of the estate which he had not lawfully administered to the full amount of the bond given by the surety. It was competent for the surety to make, in that action, a general accounting of the acts and doings of its principal, and the complaint tendered it that relief. It could also have alleged and proved disbursements for funeral expenses and debts, such as are now urged, together with the right of the administrator to pay to himself the amount of his distributive share. If either of these things had been done, an issue would have been presented as to whether any further collections had been made, and it may be that the failure to make such defense was caused by that fact. However that may be, the judgment is a final and conclusive adjudication against the claimant in this proceeding that the amount charged against the surety of Daniel McCauley, deceased, is not greater than the amount which the surrogate would properly require the estate of Daniel McCauley to pay to persons other than himself, after a due accounting before the surrogate as to his acts and doings in the administration of his brother's estate.

The resistance of the representative of the estate of the deceased administrator to the just demands of the persons interested in the estate which he had in his charge was unreasonable, and the litigation thereby made necessary against his surety was troublesome and expensive. The fees of the attorney for the administrator de bonis non in excess of costs collected against the surety, even though they should be fixed on a very moderate basis and at less than was actually paid him, would largely exceed any claim pretended by the assignee of Daniel McCauley's estate. It is contended that this loss should equitably fall on those who caused it, but I do not think it necessary to determine the question as to whether this has any legal bearing on the issue before me.

The referee's report is in all respects confirmed. The costs of the contest will be adjudged against the objectant. Tax costs and settle decree on notice.

Decreed accordingly.