(165 App. Div. 55)

BOSTWICK v. CARR.

(Supreme Court, Appellate Division, Second Department.   December 18, 1914.)

1. ATTACHMENT (§ 25*)—WRIT OF ATTACHMENT—FOREIGN ADMINISTRATRIX—
    DOMESTIC ASSETS.
        Code Civ. Proc. § 1836a, provides that an executrix or administrator
    duly appointed in any other state or in any foreign country may sue or
    be sued in any New York court in his capacity of executor or adminis-
    trator in like manner and under like restrictions as a nonresident may
    sue or be sued, etc.   Held, that since, by sections 2634, 2635, it is the
    policy of the state to transmit to foreign jurisdictions domestic property
    belonging to a foreign decedent whose estate is under administration in the
    state of his domicile, save that in the case of insolvent estates such prop-
    erty may be distributed to domestic creditors, so as to give them their
    pro rata share of all the distributable assets, section 1836a should not be
    construed as authorizing a New York creditor of a foreign intestate to
    attach property belonging to such foreign intestate's estate in New York
    on the ground of nonresidence.
        [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 61–72; Dec.
    Dig. § 25.*]

2. EXECUTORS AND ADMINISTRATORS (§ 519*)—FOREIGN INTESTATE—LOCAL AD-
    MINISTRATION.
        Where a New York creditor of a foreign intestate desires to have the
    latter's New York assets administerd, the creditor's remedy is by appli-
    cation to the surrogate under Code Civ. Proc. § 2670.
        [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. §§ 2310–2322; Dec. Dig. § 519.*]

Appeal from Special Term, Westchester County.

Action by Marie S. Bostwick, as executrix, etc., of Henry B. Stokes,
deceased, against Sarah E. Carr, as administratrix, etc., of Frank W.
Carr, deceased.   From an order quashing a writ of attachment, plaintiff
appeals.   Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and
STAPLETON, JJ.

Philip J. Ross, of New York City, for appellant.
John P. Broomell, of New York City, for respondent.

THOMAS, J.   The plaintiff attached personal property in New
York belonging to the estate of Frank W. Carr, deceased, who was a
resident of New Jersey, where the administratrix was appointed.   The
appeal is from an order vacating the attachment.

[1] The plaintiff would sustain the attachment under section 1836a
of the Code of Civil Procedure, which is:

"An executor or administrator duly appointed in any other state, terri-
tory or district of the United States or in any foreign country may sue or be
sued in any court in this state in his capacity of executor or administrator
in like manner and under like restrictions as a nonresident may sue or be
sued," etc.

The statutes relating to attachments do not in terms authorize such
procedure, but it is urged that what they permit concerning a non-
resident debtor section 1836a authorizes respecting his representative.
The contention runs counter to the history of judicial decision in this

state and to the·existing system of law for the administration of decedents' estates. In the administration of domestic estates, the principle of equality of distribution prevails as to all. creditors within the same class. It is equally the general policy of the state to transmit to foreign jurisdictions property here that is under administration there, save that, in case of insolvent estates, such of the property may be distributed here to domestic creditors as will give them their pro rata share of all the distributable assets. Code of Civil Procedure, §§ 2634, 2635. No attempt in terms has been made by the Legislature to disturb this fundamental and historic policy. But it is urged that section 1836a has such effect, and in fact it seems so if this attachment is authorized by that section. But that intention is so obscurely indicated as to make its existence incredible in view of the destructive results. The foreign court has jurisdiction of the administration, which is recognized by comity so far as the interests of domestic creditors permit, and the provisions of the Code indicate what may be done in that regard. The Code permits in certain cases the attachment of property of nonresidents, but only such interest in the property as the nonresident has. It would not permit, in an action against an individual, an attachment against property which he holds as a trustee; nor in an action against a foreign trustee would it permit seizure of property which he holds for a specific trust and divert it to the payment of a debt to which it was not applicable.

In the present case the administrator does not in effect own the property, save for the purposes of administration; that is, to distribute it to creditors and those entitled according to statutes or other expression of the law. As to creditors of the class to which plaintiff belongs, distribution must be pro rata, if there is not enough to pay all the debts in full. For purpose of marshaling assets and doing the things incident to distribution, the administrator takes the title; but in its legal quality he is a mere trustee, appointed and empowered by law to carry out the commands of the statute. Blood v. Kane, 130 N. Y. 514, 518, 519, 29 N. E. 994, 15 L. R. A. 490. So the trustee has no property subject to sale on execution or by attachment. Therefore the plaintiff is seeking by attachment to take from the trustee property appointed by law to the use of all creditors, and to sell it as if the administrator had some essential property right in it which he could transfer to one creditor to the exclusion of others. The administrator could not of right apply the property to the payment of the plaintiff's debt, and if he sought to do so it 'would be recoverable, at least to the extent that the plaintiff was paid beyond his pro rata share.

[2] But the administration of estates and the distribution of assets is not done through attachment proceedings or in suits brought by individual creditors, except, perchance, on occasions of extreme necessity. If the creditor desires to have the assets administered, he can apply to the surrogate for that purpose. Code of Civil Procedure, § 2670. So the plaintiff is taking what·does not belong to him, and what the administrator has not the right to yield him, and that, too, by a process that has no place in the settlement of estates. The Legislature never intended such rude departure from usual procedure, such seizure and

monopoly of all the assets by one creditor, such wresting from a trustee of trust property and diversion of it, and such usurpation of power to administer estates of a decedent as is committed to courts empowered for that purpose.

The order should be affirmed, with $10 costs and disbursements. All concur.

<hr>