In the Matter of the Estate of ADOLPHE WORCH, Deceased.

Surrogate's Court, New York County, January 5, 1925.

**Executors and administrators** — distribution of assets in ancillary administration is discretionary with Surrogate's Court under Surrogate's Court Act, §§ 164 and 165 — application for permission to take testimony of witnesses resident in foreign country on behalf of alleged creditor of decedent's estate — decedent, domiciled in France upon death, bequeathed residuary estate to brothers and sisters resident in Germany — interests of German beneficiaries of estate sequestered by French government during World War — petitioner remitted to French courts for termination of rights on grounds of comity.

In ancillary administration, the recognition of the rights of foreign creditors and beneficiaries of an estate, and the distribution by decree of the local court are essentially in the discretion of the surrogate under the provisions of sections 164 and 165 of the Surrogate's Court Act.

Accordingly, petitioner's application as an alleged creditor of the decedent's estate, for the issuance of a commission to take testimony of certain witnesses residing in Germany, will be denied and the petitioner remitted to the French courts, where decedent's will was established, for a determination of his rights, where it appears that the decedent, who was domiciled in France at the time of his death, gave his residuary estate to his brothers and sisters or their descendants; that the said beneficiaries were residents of Germany; that their interests were sequestered by the French government during the World War pursuant to the provisions of its laws, similar in effect to our Trading with the Enemy Act; and that there also was sequestered the debt due from the decedent to the petitioner.

Although temporary administrators have the custody of certain of the decedent's personalty located in this State, comity and co-operation with the foreign court, having jurisdiction of the original administration, require that the rights of the petitioner and the legatees, the determination of the marshaling of the assets of the estate and all other questions involved should be determined by the courts of the decedent's domicile.

APPLICATION for commission to take testimony of witnesses residing in Germany.

*Solomon Hanford,* for the petitioner.

*Burlingham, Veeder, Masten & Fearey [George H. Emerson* of counsel], for Edgar Worch.

Misc. 380] Surrogate's Court, New York County, January, 1925.

FOLEY, S.:

. This is an application for the issuance of a commission to take the testimony of certain witnesses residing in Germany in behalf of an alleged creditor of the estate. The decedent was domiciled at the time of his death in Paris, France. On the petition of a New York creditor, temporary administrators of the property located in the county of New York were appointed in this court. Under the decedent's will, which was established in France, the residuary estate was left to his brothers and sisters, or their descendants. They were all residents of Germany, with the exception of one brother, who resided in Australia. The property in New York consists entirely of personalty.

In 1915, during the World War, the government of the Republic of France, pursuant to the provisions of its laws, which were similar in effect to our Trading with the Enemy Act, appointed a sequestrator to take over the interests of the German beneficiaries in the estate. This official likewise sequestrated the debt due from the decedent to the claimant as an alien enemy. That debt amounted approximately to the sum of 900,000 francs, and that same debt is the basis of the present application. The claimant is a citizen of Germany and was never domiciled in the State of New York. He now seeks to establish his claim and obtain payment from any funds remaining in the hands of the temporary administrators here after the payment of the debts due to New York creditors. The application for the commission must be denied.

The letters of temporary administration granted in this county were in their nature ancillary. (*Matter of Hanford*, 113 Misc. 639.) Although letters may purport to be principal or original in their form, the foreign domicile of the decedent of the estate establishes that they are actually ancillary. (1 Twyeffort's New York Estates & Surrogates [2d ed.], p. 184; *Baldwin* v. *Rice*, 100 App. Div. 241; affd., 183 N. Y. 55.) The application might well be denied because of the attempt to compel payment as against the temporary administrators. Their status is nothing more than custodians or receivers of the assets of the estate, and their powers, duties and liability for the debts of a decedent are strictly limited by the Surrogate's Court Act. But in order to save further expense to the estate, the relief sought here must be denied upon a broader ground. In ancillary administration, the recognition of the rights of foreign creditors and beneficiaries of the estate, and the distribution by decree of the local court are essentially in the discretion of the surrogate under the statutes and authorities of our State. We may, in special cases, direct a distribution of the New York property in the hands of our administrators among non-

resident claimants. The general course of procedure, however, has been to remit the surplus funds, after the payment of our creditors, to the domiciliary executor, administrator or other representative. The transmissal of the assets to the State or country of residence is a matter of judicial discretion, depending upon the circumstances of the particular case. (*Helme* v. *Buckelew*, 229 N. Y. 363, 372; *Hopper* v. *Hopper*, 125 id. 400, 405; *Matter of Hughes*, 95 id. 55, 59; *Despard* v. *Churchill*, 53 id. 192, 199; *Parsons* v. *Lyman*, 20 id. 103; *Bostwick* v. *Carr*, 165 App. Div. 55; *Matter of Bliss*, 121 Misc. 773; *Moyer* v. *Weil*, 1 Dem. 71.) Our statutes likewise compel this course of procedure. Under the provisions of section 164 of the Surrogate's Court Act the ancillary representative must transmit the assets unless otherwise directed by the decree of the court issuing the letters. Section 165 of the Surrogate's Court Act authorizes the surrogate, in his discretion, after the payment in full or *pro rata* of the New York creditors, to decree distribution to persons interested in the estate without transmission. This discretion to distribute in the ancillary administration will be exercised only where it tends to promote justice or convenience; or where all the interested parties are before the court; or where there are no debts; or where local distribution will avoid the expense of double administration, or in general to avoid unnecessary circuity. (36 Harvard L. Rev. 608.)

The circumstances of this estate require that the foreign claimant be remitted to his rights in France, the country of domicile of the decedent. While the exact provisions of the French statutes have not been submitted to me, it would appear that the seizure by the French government of this claim constituted a satisfaction of the debt. Under our Trading with the Enemy Act such would be the effect of the taking over of the proceeds of a debt due from an American debtor. If such is the French law and this court should attempt to take jurisdiction and permit the payment of the same debt here, the creditor in effect would have been twice paid on his claim. In that event the beneficiaries of the estate would be deprived of their rights in the amount paid to the claimant. Counsel for the applicant, in his very learned and comprehensive brief, has discussed at length the question of the *situs* of the debt and the effect of the Versailles Treaty on the procedure for the return of seized property to former enemies. Neither of these questions has any materiality here.

The foregoing circumstances of this estate do not justify the exercise of my discretion in favor of the claimant. Comity and co-operation with the foreign court, having jurisdiction of the

original administration, require that the rights of this creditor and of the legatees, the question of the marshaling of the assets and all other questions involved should be determined by the domiciliary courts. I hold that the claimant has no status as a party interested to intervene in the proceedings in this State.

Submit order on notice denying the application accordingly.