In the Matter of the Estate of PEDRO BEA Y URQUIJO, Deceased.

Surrogate's Court, New York County, March 27, 1925.

Executors and administrators — accounting — direction to reserve sum sufficient to meet amount of judgment against residuary legatees of estate discretionary with Surrogate's Court, pursuant to Surrogate's Court Act, §§ 164, 165 — remaining assets transmitted to foreign administrators, should be properly described in decree — final distribution to creditors must await final determination of interest of residuary legatees.

The Surrogate's Court, in its discretion, and pursuant to the provisions of sections 164 and 165 of the Surrogate's Court Act, may direct a reservation of a sum sufficient for the payment of the amount of a judgment against the residuary legatees of an estate, for the benefit of judgment creditors within this State whose rights have been legally established through an attachment against said legatees and subsequently merged into a judgment of the Supreme Court. The remaining assets of said estate, properly identified, may be transmitted to foreign administrators with a specific recitation that the other assets are retained to meet the account of judgment creditors.

The final distribution to the judgment creditors of the amount of the judgments against the residuary legatees must await a final determination of their interest in the estate.

PROCEEDING for an accounting.

*Nicholas Danforth,* for Juan Jose Bea y Urquijo and another, as executors.

*Glenn & Ganter* [*Garrard Glenn* and *Frank W. Demuth* of counsel], for the ancillary executors.

*Wickes & Neilson* [*Nathan F. George* and *Herman E. Riddell*, of counsel], for Lawrence Turnure & Co.

*F. Dudley Kohler*, in person.

*Wise & Seligsberg*, for M. J. Brandenstein & Co.

FOLEY, S.:

In this accounting proceeding, in the discretion vested in the surrogate by the provisions of sections 164 and 165 of the Surrogate's Court Act, I direct that a sufficient sum be reserved by the ancillary executor out of the assets in his hands to cover the amount of the judgment, with interest, obtained by Lawrence Turnure & Co. against Pedro Bea y Urquijo and Juan Joseph Bea y Urquijo, two of the residuary legatees of this estate. (*Helme* v. *Buckelew*, 229 N. Y. 363, 372; *Hopper* v. *Hopper*, 125 id. 400; *Matter of Hughes*, 95 id. 55; *Despard* v. *Churchill*, 53 id. 192, 199; *Bostwick* v. *Carr*, 165 App. Div. 55; *State of Iowa* v. *Slimmer*, 248 U. S. 115; *Matter of Bliss*, 121 Misc. 773; *Matter of Worch*, 124 id. 380; *Matter of Lorillard*, L. R. [1922] 2 Ch. 638; 36 Harvard Law Rev. 36, 608; 9 Cornell Law Quarterly, 334.)

The decree directing the transmissal of the remaining assets to the Cuban administrators should properly identify the funds so transmitted and specifically recite the retention of the other assets for the account of the judgment creditors of the residuary legatees named above. It is unnecessary to give further reasons for the exercise of my discretion in the matter other than to say that justice will be done to a New York creditor, whose rights have been legally established through an attachment against the two residuary legatees (Civ. Prac. Act, § 916), which was merged into a judgment of the Supreme Court. Circuity of action will be avoided by a direct payment in this court instead of transmitting the entire funds to Cuba and remitting the New York creditors to their speculative remedies against the judgment debtors in the foreign state. The statement filed in this proceeding, of the estate assets and liabilities in New York, Spain, Cuba and elsewhere, shows an apparent surplus and a probable distribution to the residuary legatees of an amount in excess of the judgment against them. It would appear, however, that final distribution of the funds directed to be retained should await a future decree herein, after the final settlement of the principal Cuban estate, or after some other determination of the interests of beneficiaries of the estate to the satisfaction of the surrogate.

Submit decree on notice accordingly.