In the Matter of the Estate of HUGO R. MEYER, Deceased.

Surrogate's Court, New York County, May 28, 1925.

**Executors and administrators — accounting — proceeding to compel filing of account of ancillary executrix of estate originally administered in Australia — intermediate account ordered filed and funds in possession of ancillary executrix remitted to said executrix for administration in court of original jurisdiction — Surrogate's Court not obliged to entertain jurisdiction and determine merits of claims by petitioner where parties are non-residents and no part of claim arose within State.**

In a proceeding to compel the filing of the account of the ancillary executrix of an estate originally administered in Australia, the Surrogate's Court, pursuant

Surrogate's Court, New York County, May, 1925.          [Vol. 125

to sections 164 and 165 of the Surrogate's Court Act, has power to order the filing of the intermediate account and to direct that the funds in possession of the ancillary executrix be remitted to said executrix for administration in the court of original jurisdiction.

The Surrogate's Court is not obliged to entertain jurisdiction of said proceeding and determine merits, where all the parties are non-residents and no part of the claim against the estate arose within the State.

Proceeding to compel filing of account of ancillary executrix.

*Patterson, Eagle, Greenough & Day*, [*Edward J. Patterson*, and *Carroll G. Walter* of counsel], for the petitioner.

*Everett, Clarke & Benedict* [*W. Montague Geer, Jr.*, of counsel], for the ancillary executrix.

Foley, S.:

This is a proceeding to compel the filing of an account by the ancillary executrix of the decedent's estate. Various objections are urged against the granting of the relief sought. These objections resolve themselves into two questions:

(1) The respondent, the ancillary executrix, questions the jurisdiction of this court to compel an accounting, or in case such jurisdiction exists, prays that as a matter of discretion the surrogate refuse to exercise his jurisdiction and refuse to determine the merits of the claim and to direct payment thereof.

(2) The petitioner is the ancillary committee of an incompetent. He was originally appointed conservator by the courts of Illinois and subsequently was appointed ancillary committee by the Supreme Court of New York county. His status as a party interested is attacked on the ground that the Illinois courts lacked jurisdiction because the alleged incompetent was a non-resident of Illinois at the time of the adjudication of incompetency and the appointment of a conservator.

The claim of the petitioner is in the nature of a suit for an accounting and is based in general upon the following allegations: The decedent in 1907 came into possession of certain securities belonging to his brother (the incompetent represented by the petitioner here). The decedent is alleged to have retained, without legal authority, a large part of the annual income due his brother. It is also claimed that by his misconduct the capital of the fund was diminished with resulting loss to his incompetent brother's estate.

I have determined in this matter that the merits of this claim cannot be tried in this court. I shall, however, order that an intermediate account be filed and that the balance of the funds in the hands of the ancillary executrix must be remitted to herself as executrix under the original letters issued in Australia to be administered in the court of original jurisdiction. This determi-

nation is based upon the discretion vested in the Surrogate's Court (Surrogate's Court Act, §§ 164, 165) to direct distribution in certain cases, or in the alternative, where the circumstances justify it, to direct transmission of the assets to the forum of domiciliary administration. In view of the disposition made by me it is unnecessary to discuss the second question stated above. The status of the petitioner is unimportant since the surrogate may direct the filing of an intermediate account at any time in his discretion. (Surrogate's Court Act, § 253.) In the present estate over one year has elapsed since the issuance of ancillary letters. A prompt disclosure of the administration of the estate by the ancillary executor should be had with a view toward the forwarding of the assets to Australia, the discharge of the ancillary representative here, and in order to prevent her diverting the estate property.

No reason is set forth in the papers why a trial and determination of the claim of the petitioner should be had in this court. The parties are all non-residents. No part of the claim arose as a cause of action in this State. The petitioner and the incompetent now reside in Illinois. The ancillary executrix lives in Oklahoma. The alleged liability in favor of the incompetent and against the decedent arose out of an estate administered in Colorado. The decedent and his brother, Philip (the incompetent), resided in Australia for fifteen years, during which it is claimed that the decedent failed to pay over the income of the brother's property to him. The decedent died a resident of Australia. The activity of the parties and their present residence cover two continents, but none of the parties is a resident of the State of New York. Necessarily most of the witnesses required to support or refute the claim reside in Australia, or in any event, outside of our State. Furthermore, the law as to the exact status of the parties, whether the decedent acted as trustee, agent or in some other capacity for his brother, the running of the Statute of Limitations and any other disputed question would have to be tested by the law of Australia. The mere fact that some of the securities of decedent's estate in a custodian account in a New York city trust company belonged to the incompetent does not justify the exercise of our jurisdiction. These securities have already been turned over to the committee. The transactions between the trust company and the decedent, in so far as they affected the claim, are the subject of documentary proof and are easily procurable by the courts of Australia by deposition. None of the grounds which justify the exercise of jurisdiction in the hearing of a claim by the Surrogate's Court of New York county, or a direction of payment out of the assets

here, exist in this estate. The purpose of ancillary administration and the distribution of the assets here is primarily for the protection of New York creditors and New York beneficiaries of an estate. The question as to whether the claims of foreign creditors in ancillary administration would be recognized in this estate is not one of jurisdiction, but a question of the judicial discretion of the surrogate. As I pointed out in my recent decision in *Matter of Worch* (124 Misc. 380): " In ancillary administration, the recognition of the rights of foreign creditors and beneficiaries of the estate, and the distribution by decree of the local court are essentially in the discretion of the surrogate under the statutes and authorities of our state. We may, in special cases, direct a distribution of the New York property in the hands of our administrators among non-resident claimants. The general course of procedure, however, has been to remit the surplus funds, after the payment of our creditors, to the domiciliary executor, administrator or other representative. The transmissal of the assets to the state or country of residence is a matter of judicial discretion, depending upon the circumstances of the particular case. (*Helme* v. *Buckelew*, 229 N. Y. 363, 372; *Hopper* v. *Hopper*, 125 id. 400, 405; *Matter of Hughes*, 95 id. 55, 59; *Despard* v. *Churchill*, 53 id. 192, 199; *Parsons* v. *Lyman*, 20 id. 103; *Bostwick* v. *Carr*, 165 App. Div. 55; *Matter of Bliss*, 121 Misc. 773; *Moyer* v. *Weil*, 1 Dem. 71.) Our statutes likewise compel this course of procedure. Under the provisions of section 164 of the Surrogate's Court Act the ancillary representative must transmit the assets unless otherwise directed by the decree of the court issuing the letters. Section 165 of the Surrogate's Court Act authorizes the surrogate, in his discretion, after the payment in full or *pro rata* of the New York creditors, to decree distribution to persons interested in the estate without transmission. This discretion to distribute in the ancillary administration will be exercised only where it tends to promote justice or convenience; or where all the interested parties are before the court; or where there are no debts; or where local distribution will avoid the expense of double administration, or in general to avoid unnecessary circuity. (36 Harvard L. Rev. 608.)"

Even in actions at law or equity where the parties do not reside in this State, our courts are not obliged to entertain jurisdiction. As was stated by Judge CARDOZO in *Loucks* v. *Standard Oil Company* (224 N. Y. 99, 110): " Sometimes, we refuse to act where all the parties are non-residents (*Burdick* v. *Freeman*, 120 N. Y. 420; *English* v. *N. Y., N. H. & H. R. R. Co.*, 161 App. Div. 831)."

Under the authorities final distribution in this jurisdiction is only ordered where convenience would be served, or where there

were no debts or where a local distribution would avoid the expense of double administration. Thus in *Matter of Hughes* (95 N. Y. 55, 59) local distribution was directed because all the next of kin resided in New York State and the rule of distribution here was the same as in the domiciliary jurisdiction. In *Hopper* v. *Hopper* (125 N. Y. 400) an action brought here by a non-resident creditor against an ancillary executrix was held maintainable because the cause of action arose in this State and the witnesses were here. The mere fact that the executrix has been discharged by a decree in Australia is not a bar to the administration by her there of further assets. It must be assumed, in the absence of proof to the contrary, that the law of Australia is similar to our own, that the executrix continues to function and that subsequently discovered assets must be administered under the supervision of the appropriate court. The petitioner's claim can be disposed of in the domiciliary jurisdiction.

Submit decree, therefore, directing the filing of an intermediate account within twenty days. The decree to be entered thereon must contain a provision directing the transmissal of the assets to the executrix to be administered in the Supreme Court in the State of Victoria, Australia.