## FIRST DEPARTMENT, MARCH, 1926.

In the Matter of the Application of JOHN TAYLOR WILSON, as Conservator and as Committee of the Estate of PHILIP A. MEYER, an Incompetent, to Compel the Filing of an Account by UDONA B. MEYER, as Ancillary Executrix, etc., of HUGO R. MEYER, Deceased.

*Executors and administrators — accounting — proceeding to compel filing of account of ancillary executrix of estate originally administered in Australia — intermediate account ordered filed and funds in possession of ancillary executrix remitted to said executrix for administration in court of original jurisdiction — Surrogate's Court not obliged to entertain jurisdiction and determine merits of claims by petitioner where parties are non-residents and no part of claim arose within State.*

Appeal from part of a decree of Surrogate's Court of New York county, entered in the office of said Surrogate's Court on June 12, 1925, denying a motion for accounting.

Decree affirmed, with costs, on opinion of Foley, S.   [Reported in 125 Misc. 361.] Present — Clarke, P. J., Dowling, Merrell, McAvoy and Martin, JJ.; McAvoy, J., dissents.

McAvoy, J. (dissenting): The transmission of these assets to the custody of the domiciliary executor in Australia, who is also the ancillary executor in New York and besides the sole legatee of the testator and whose residence is in Oklahoma, in an instance, such as this where there are no creditors or unadministered assets in the jurisdiction of domicile, and the only person interested besides the sole legatee is an incompetent person residing in Illinois, who has a claim against the estate asserted by his Illinois conservator, who is his committee here, will effect the result of compelling this incompetent creditor to go to Australia to establish his claim, when the matter may be settled, in the surrogate's discretion, in this the ancillary jurisdiction.   Such discretionary power ought to have been exercised in this instance to avoid the anomaly of requiring a resident of a sister State to repair to Australia to adjust the claim asserted.   Therefore, I vote to reverse and direct that the claim be heard in the ancillary jurisdiction of New York.

---

REBECCA BERG, an Infant, by CLARA BERG, Her Guardian ad Litem, Appellant, *v.* RAPHAEL PRAGER and Another, Respondents.

Appeal from a judgment of the Supreme Court in favor of the defendant, entered in the New York county clerk's office on May 22, 1925, dismissing the complaint at the close of the plaintiff's case upon a trial at Trial Term.

PER CURIAM: The proof of plaintiff evidenced conditions which, if found to have existed, would have justified a conclusion of neglect on the part of the defendants, and plaintiff's own care was sufficiently shown to warrant submission to the jury of the question of her freedom from contributory negligence.   The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.   Present — Dowling, Merrell, Finch, McAvoy and Martin, JJ.   Judgment reversed and new trial ordered, with costs to appellant to abide the event.