In the Matter of the Accounting of ALLAN GERDAU et al., as Ancillary Executors of JUSTUS RUPERTI, Deceased.

Surrogate's Court, New York County, January 26, 1949.

*Eugene A. Sherpick* and *Henry T. Holsapple* for ancillary executors, petitioners.

*Alfred J. Callahan,* special guardian for Sally J. Howells and others, infants, respondents.

COLLINS, S. In this proceeding for the settlement of the final account of the ancillary executors, the petition prays that the accountants, upon qualifying in this proceeding as trustees of the residuary trust, be directed to transfer the distributable balance of the estate to themselves as such trustees rather than to transmit the fund to the domiciliary forum.

Deceased died a resident of the State of Florida and his will was admitted to probate in that jurisdiction. The entire residuary estate is left to the petitioners as trustees for the benefit of the wife of the testator for life with the income thereafter payable in equal parts to his children for their lives with remainders over to the latters' issue. The will contains no direct expression of any wish or command that the trust was to be administered in accordance with the laws of New York or that this court was to be charged with the duty of supervision over its administration. However, in paragraph second of the codicil admitted with the will to probate, the testator provided as follows: " As to any assets of which I may die the owner that are physically located in the State of Florida at the time of my death, I nominate and appoint Mr. H. M. Turnburke, residing at 407 Hillcrest Drive, Clearwater, Florida, as the executor, expressly limiting his authority to those assets.''

In accordance with this direction, Mr. Turnburke qualified in Florida as the domiciliary executor and has completed the performance of his duties in that capacity. In a waiver duly filed in this proceeding he has affirmatively expressed his consent to the granting of the relief sought and has stated in an affidavit that all taxes and debts chargeable against the domiciliary estate have been paid. It should be noted as well that the property constituting the fund now being accounted for has remained within this jurisdiction since the testator's death.

Subdivision 3 of section 171 of the Surrogate's Court Act as amended by chapter 616 of the Laws of 1948 is authority for the assumption of jurisdiction over the trust in accordance with the prayer of the petition. That subdivision makes the provisions of the Surrogate's Court Act applicable to:

" 3. A trust relating to personal property, without regard to the residence of the testator, where the will creating the trust was admitted to probate in any surrogate's court of this state or where the situs of the trust is within this state and the will creating the trust was duly proved or established or admitted to probate within the foreign country or within the state or territory of the United States where it was executed or where the testator resided at the time of his death.

"The situs of a trust of personal property created by the will of a nonresident of this state shall be deemed to be in this state if the assets of said trust are in this state at the date of the testator's death and are held and administered in this state in accordance with the will or, except where the will or the laws of the testator's domicile expressly provide otherwise, if such assets are brought into this state for administration. * * * If ancillary proceedings in respect of any phase of the estate of a nonresident have been had in any county of the state jurisdiction shall be vested in the surrogate's court of such county."

With jurisdiction established under the text of the statute quoted it becomes pertinent to inquire whether the facts in this case would justify the court in granting the relief asked. It is undisputed that relations between the domiciliary and ancillary fiduciaries were strained to the point where litigation resulted concerning a claim for fees. It is also not denied but affirmatively asserted that the administration of the estate in Florida has been completed. There are no outstanding debts chargeable against the domiciliary estate and all taxes due have been paid. The court in this proceeding has jurisdiction over all of the persons interested and none of them opposes the program which the petitioners ask the court to approve.

The circumstances obtaining as described, require the court to exercise its discretion under section 164 of the Surrogate's Court Act to direct transfer of the assets by the accounting ancillary executors to themselves as trustees upon their qualifying for that office. It is ordinarily the duty of ancillary fiduciaries to transmit the funds in their possession to the jurisdiction in which " the principal letters were granted " " unless otherwise directed in the decree awarding the letters; or in a decree made upon an accounting " (Surrogate's Ct. Act, § 164). In *Matter of Worch* (124 Misc. 380) Surrogate Foley explained the purpose of the cited section. He there said (p. 382): " Under the provisions of section 164 of the Surrogate's Court Act the ancillary representative must transmit the assets unless otherwise directed by the decree of the court issuing the letters. Section 165 of the Surrogate's Court Act authorizes the surrogate, in his discretion, after the payment in full or *pro rata* of the New York creditors, to decree distribution to persons interested in the estate without transmission. This discretion to distribute in the ancillary administration will be exercised only where it tends to promote justice or convenience; or where all the interested parties are before

the court; or where there are no debts; or where local distribution will avoid the expense of double administration, or in general to avoid unnecessary circuity. (36 Harvard L. Rev. 608.)"

To like effect are *Matter of Martin* (255 N. Y. 359); *Matter of Beresford* (146 Misc. 140); and *Matter of Muzante* (49 N. Y. S. 2d 823).

The factors enumerated by Surrogate FOLEY in *Matter of Worch* (*supra*) and in the other cases are all present to a greater or less degree in the instant case. Conditions favorable to an economical and orderly administration of the trust under the will, will be established if this court assumes jurisdiction and commands distribution directly to the petitioners in their capacity as trustees. The decree may so provide.

The special guardian in his report has pointed out that the residuary estate has borne the cost of all estate taxes levied and paid. The corpus of an *inter vivos* trust established by the testator was included in the body of property held subject to tax. The will is silent as to apportionment of taxes but Florida, the State of deceased's domicile, has enacted no statute similar to section 124 of the Decedent Estate Law which would require such apportionment in the absence of counterdirection by the testator. In the light of this fact the residuary estate was properly chargeable with payment of all estate taxes (*Matter of Bernie,* 74 N. Y. S. 2d 887).

A decree settling the account as filed, granting letters of trusteeship to the petitioners upon their qualifying and directing the transfer to them as trustees of the assets now accounted for may be submitted on notice or consent. Proceed accordingly.