S. Samuel Di Falco, S.
This is a proceeding to compel the filing of an account by George Philips, the administrator with the will annexed of Philip Philips as to the proceeding of Philip Philips as ancillary administrator of the estate of Simon Wamoscher, deceased who was a resident of Yugoslavia at the time of his death on April 23, 1945. The proceeding is brought by the temporary administrator of the estate of Alexander Auferber. The temporary administrator was appointed pending the determination of an application for ancillary letters of administration on the estate of Alexander Auferber, who was also a resident of Yugoslavia at the time of his death on August 31, 1942.
No reason is set forth in the papers why a trial and determination should be had in this court in the ancillary proceeding. The parties in interest are all nonresidents. No part of the claim arose as a cause of action in this State. The petition alleges that Alexander Auferber and Simon Wamoscher were partners in a partnership conducted in Yugoslavia and that certain funds of the partnership were deposited in the joint names of the partners in a New York bank. The funds were paid over to the ancillary administrator of this estate since decedent survived Alexander Auferber. The law as to the status of the parties, their obligations under the partnership agreement, the running of the Statute of Limitations and many other disputed questions would have to be tested by the law of Yugoslovia. As pointed out by Surrogate Foley in Matter of Meyer (125 Misc. 361, 364): “ The purpose of ancillary administration and the distribution of the assets here is primarily for the protection of New York creditors and New York beneficiaries of an estate. The question as to whether the claims of foreign creditors in ancillary administration would be recognized in this estate is not one of jurisdiction, but a question of the judicial discretion of the surrogate.” (See, also, Matter of Worch, 124 Misc. 380 to the same effect.) The motion to dismiss *419 the petition herein is therefore granted. In view of this determination the court will not pass upon the other objections to the claim of the petitioner but they may be renewed in any proceeding brought in the domiciliary jurisdiction.
Submit decree on notice.